(November 24, 1894.)

## PHILLIPS v. CURTIS, SECRETARY OF STATE.

[38 Pac. 405.]

ELECTION LAWS—PETITION OF ELECTORS TO PLACE NAME ON OFFICIAL
    BALLOT—CANNOT BE PLACED ON TICKET OF ANY PARTY.—Under
    the election laws of Idaho, the presentation, in time prescribed
    by the statute, of a petition signed by the requisite number of
    qualified electors, entitles the petitioner to have his name placed
    upon the official ballot, as an "elector's nominee" of the party
    designated in the petition, but not upon the regular ticket of any
    party.

SAME—SENATOR NOT A STATE OFFICER.—A senator is not a state of-
ficer in the sense that three hundred names are required to a
petition to have his name placed upon the official ballot, under
the election laws of this state.

(Syllabus by the court.)

ORIGINAL proceeding in Supreme Court by writ of man-
date..

Johnson & Johnson and N. M. Ruick, for Plaintiff.

Plaintiff was duly nominated by certificate signed by one
hundred and fifty electors. The nomination was for "a dis-
trict office or subdivision of the state, including two counties."
The number of signatures required by section 28 of the elec-
tion law is in proportion to the number of electors required
to elect. When the office is to be filled by the electors of
the entire state, three hundred signatures are required; for
a district office or a subdivision of· the state, including two
or more counties, one hundred and fifty signatures are re-
quired; for an office to be filled by the electors of a county,
fifty signatures are required; and ten signatures are sufficient
to nominate to a township, precinct or ward office. It could
never have been intended to require three hundred signatures
to nominate a candidate to be elected in a single county.
Speaking of what is known as the Australian ballot system
the court of appeals of New York has said: "The primary
aim and object was to enable the voter to cast a ballot for
the candidates of his choice without the possibility of reveal-
ing, by the act of voting, the identity or political complexion
of the candidate voted for." (*People v. Board of Canvass-
ers*, 129 N. Y. 395, 29 N. E. 331.) The statute should re-
ceive the most liberal construction. (*Simpson v. Osborn*, 52
Kan. 328, 34 Pac. 749.) The presence of a name, although
unauthorized, cannot thwart the object and purposes of the
act, while the absence of a name from the official ballot may
defeat the will of the electors. (*Bowers v. Smith*, 111 Mo.
45, 33 Am. St. Rep. 491, 20 S. W. 103; *Allen v. Glynn*, 17
Colo. 338, 31 Am. St. Rep. 304, 29 Pac. 678; *State v. Van
Camp*, 36 Neb. 9, 91, 54 N. W. 119; *State v. Barber*, 4 Wyo.

56, 32 Pac. 25, 26.)   Each political party has a perfect right to select its candidates as it pleases, and have their names printed under its party heading; and there is nothing in the law, or in reason, preventing two or more political parties, whether acting through conventions or by petitions, from selecting the same individuals for one or more of the offices to. be filled.   (*Fisher v. Dudley*, 74 Md. 242, 22 Atl. 3, 4.)

George M. Parsons, Attorney General, for Defendant.

Representatives being chosen by towns is a fact which cannot alter their official rank, because that rank arises from their destination and power; thus senators and representatives, though chosen by districts and counties, are still beyond all question "state officers." (*Morrill v. Haines*, 2 N. H. 246; *Henshaw v. Foster*, 9 Pick. 319; Mechem on Public Officers, sec. 54; *State v. Barnes*, 3 N. Dak. 319, 55 N. W. 883-886.)   The certificate of nomination nominating petitioner was not signed by the required number of electors.   (Election Law, sec. 28.)   The statute is explicit and reads: "For a district office, or subdivision of the state, including two or more counties, the number of signatures shall not be less than one hundred and fifty."   This refers to the office of district judge or district attorney, and cannot refer to a senatorial district.   The right of the electors and petitioners to have Phillips' name placed upon the official ballot in the counties of Owyhee and Cassia if the certificate of nomination had been properly and legally made and filed is conceded, but in such event Phillips would be the candidate of the electors who named him, and their candidate only.   (Election Laws, sec. 25; *Atkeson v. Lay*, 115 Mo. 538, 22 S. W. 484; *Fisher v. Dudley*, 74 Md. 242, 22 Atl. 2.)   The nomination of Phillips by the state central committee, being an original nomination, was made too late.   The requirements of the statute are mandatory.   (*Price v. Lush*, 10 Mont. 61, 24 Pac. 749; *People v. Board of Canvassers*, 129 N. Y. 395, 29 N. 327; *State v. Barber*, 4 Wyo. 56, 32 Pac. 27; Paine on Elections, 497; *State v. Hilmantel*, 21 Wis. 574; Sutherland on Statutory Construction, sec. 446; *State v. Connor*, 86 Tex. 133, 23 S. W. 1107; *Miller v. Pennoyer*, 23 Or. 364, 31 Pac.

830, 831; *Lucas v. Ringsrud,* 38 Dak. 355, 53 N. W. 426; *Simpson v. Osborn,* 52 Kan. 328, 34 Pac. 749.)

HUSTON, C. J.—The plaintiff applies for a writ of mandate to be issued to the Secretary of State, directing him to place the name of petitioner upon the ticket of the People's party, as a candidate for the office of senator for the twelfth senatorial district of this state. The facts, as they appear from the record, are substantially as follows: The petitioner, Isaac Phillips, was regularly nominated by the state convention of the Democratic party as a candidate for the office of state senator from the twelfth senatorial district, consisting of the counties of Owyhee and Cassia, and his name, as such candidate, was regularly so placed on the ballot prescribed by the statute. He now seeks to have his name placed upon the ticket of the People's party as a candidate for the same office, and in support of such claim he presents a petition signed by one hundred and fifty-three electors of said senatorial district, accompanied by a demand upon the Secretary of State that he so place his name upon the official ballot, to wit, as the candidate of the People's party for the office of senator for the twelfth senatorial district. The petitioner further claims to have his name so placed upon the official ballot by virtue of a certificate of the chairman and secretary of the state committee of the People's party, alleging, in substance, that, no nomination having been made by the state convention of said People's party for the said office of senator for said twelfth senatorial district, said convention empowered the said state committee to fill such vacancy, and that, by virtue of the authority thus conferred, said state committee have nominated said petitioner, Isaac Phillips, for said office; and said chairman and secretary of the state committee of the People's party demand that the Secretary of State so place the name of said Isaac Phillips upon the official ballot as the nominee of said People's party for said office of senator of the twelfth senatorial district. The case is submitted upon an agreed statement of facts.

The first point submitted for the decision of the court is: 1. Was the certificate of nomination of Isaac Phillips by the

electors of Cassia and Owyhee counties, certified to the Secretary of State on October 2, 1894, signed by the required number of electors residing within the district or political division in and for which such senator of said twelfth senatorial district is to be elected, as required by section 28 of the act designated "Elections and Electors," approved February 25, 1891? To this we answer "Yes." While it may be conceded that members of the legislature are, in a general sense, state officers, not being officers to be voted for by the electors of the entire state, we do not think they come within the class whose nomination as independent candidates requires a petition to be signed by three hundred electors. 2. If so signed by a sufficient number of electors, and in due form filed within the time required by law, is it not the duty of the Secretary of State to forthwith certify to the auditors of the counties of Cassia and Owyhee the name and description of said Isaac Phillips as having been nominated for said office, as specified in said certificate of nomination, as the candidate or nominee for such office of the People's party? If signed by the requisite number of electors, and filed within the time prescribed by the statute, to wit, "not more than sixty days and not less than thirty-five days before the day fixed by law for the election of the persons in nomination," such a compliance with the law would entitle the candidate to be placed upon the official ballot as an independent candidate for the office designated, but not upon the ticket of any particular party. Any convention of a political party may, by complying with the provisions of the statute, have the candidates of its party placed upon the official ballot, under such heading or emblem as they may designate, within the provisions of the statute; and in the event of vacancies in the nominees of such party the person or persons thereunto duly authorized may, by complying with the provisions of the statute, fill such vacancies. We find in this case that the certificate filed by the chairman and secretary of the People's party was not filed within the time prescribed by law, to wit, "not more than sixty days and not less than thirty-five days before the day fixed by law for the election of the persons in nomination." The certificate of the said chairman and secretary of the Peo-

ple's party was, as appears by the agreed statement of facts, filed by said chairman and secretary on the fifth day of October, 1894. The day of election is fixed by law on the sixth day of November, 1894. Neither this court nor any other has any power or authority to change the time fixed by the statute. To say that we could, under the guise of construction, change the time fixed by the law, within which the certificate therein provided for must be filed, is tantamount to saying that the court, through the same specious subterfuge, might abolish or obliterate the element of time from the law. A proposition which leads logically to such monstrous results ought never to be entertained by a court.

The electors' nomination of petitioner, containing, as it does, in our view, the requisite number of names, and having been filed in time, entitles the petitioner to have his name placed upon the official ballot as an independent candidate for the office of senator for the twelfth senatorial district, consisting of Cassia and Owyhee counties. To hold that any one hundred and fifty electors may secure the name of any person they see fit to indorse, to be placed upon the ticket of any party, would, we think, be opening the door to the perpetration of fraud—would in fact be offering an inducement therefor. And neither American politics nor politicians have as yet, even among the most Utopian organizations, reached that stage of purity which will warrant or excuse the removing of all legal restraints from them.

Section 29 of our election law reads as follows: "No certificate of nomination shall contain the name of more than one candidate for each office to be filled. No person shall join in nominating more than one person for each office to be filled, and no person shall accept a nomination to more than one office." The record shows that two of the persons who signed the petition in this case participated in the nomination for the same office of another person in the Republican convention. These persons should not, in our opinion, be permitted to be counted in the petition; but, rejecting them, the petition still contains the requisite number of one hundred and fifty. We do not think the names of the two persons alleged to have participated in the nomination of Mr. Phillips in the Democratic convention come within the inhibition of section 29.

The writ will issue as above indicated, directing the name of petitioner to be placed upon the official ballot as the "Electors' People's Party" candidate for the office of joint senator for the twelfth senatorial district, composed of the counties of Owyhee and Cassia.

Morgan and Sullivan, JJ., concur.