## STATE EX REL. WOODY, *v.* ROTWITT, SECRETARY OF STATE, RESPONDENT.

[Submitted October 8, 1896. Decided October 12, 1896.]

ELECTIONS—*Judicial nomination—District comprising two counties.*—Where a judicial district comprises two counties the nomination of a candidate for district judge by a political party at a county convention composed of delegates of that county alone, without the other county having an opportunity to participate in the proceedings, is a nullity.

SAME—*Conventions.*—The conventions and primary meetings provided for by sections 1310, 1311, 1312 of the Political Code, held for the purpose of nominating candidates for public office, are meant to be organized assemblages of electors or delegates fairly representing the entire body of electors of the political party which may lawfully vote for the candidates of any such convention.

SAME—*Nominations by petition.*—Section 1313 of the Political Code, permitting a candidate for public office to be nominated by certificate or petition signed by a certain percentage of the electors residing within the political division for which the officer is to be elected, contemplates simply the candidacy of one not a nominee of a party, as an independent or electors' candidate, and where no effective nomination for a particular office has been made by any convention or primary meeting held by the delegates of an organized political party for the purpose of nominating a candidate for that office, a person is not entitled to have his name placed upon the regular party ticket as a nominee for the office solely by petition of voters who nominate him as the candidate of such regularly organized party. In such case he is simply the candidate of those individual electors who have joined in nominating him and is only entitled to be placed upon the ballot as such a candidate.

ORIGINAL PROCEEDING. Application for an injunction. Writ made permanent.

Statement of the case by the justice delivering the opinion.

The petitioner applies for a writ of injunction commanding the defendant secretary of state to refrain from certifying to the county clerks of Missoula and Ravalli counties the name of George W. Reeves, Esq., as the candidate of the "Silver Republican Party" or of the "Republican Party of the state of Montana," for the office of judge of the fourth judicial district, state of Montana.

It appears by the petition that on September 3d, 1896, the petitioner was duly nominated by a convention of delegates who were resident in Missoula and Ravalli counties, as the Democratic candidate for judge of the fourth judicial district, comprising the counties of Missoula and Ravalli ; that a con-

vention of the Republican party, consisting of delegates from the counties of Missoula and Ravalli, on the 9th day of September, 1896, duly nominated one E. E. Hershey as the republican candidate for judge of the district court. It was conceded, however, during the argument that no certificate of Hershey's nomination was ever filed with the secretary of state, as is required by law, and that even if it were so filed he is not a candidate, having notified the secretary of state of his declination of any nomination as district judge. The petitioner next avers that the Silver Republican party has been a regular political organization since September 9, 1896, and has nominated officers and published the principles it proclaims and advocates ; that on September 22d, 1896, the Republican party held a county convention in Missoula county to nominate county officers, the delegates to said convention being from Missoula county exclusively, but that the said county convention pretended to nominate George W. Reeves as the Republican candidate for judge of the fourth judicial district, and on October 3, 1896, filed with the defendant a certificate stating in substance that at a convention of the republican party, held on the said last mentioned date, of Missoula county, the said George W. Reeves was by the said convention nominated for judge of said fourth judicial district. It then appears that immediately upon the conclusion of the proceedings of the Republican county convention, a portion of the delegates to the same assembled as a Silver Republican convention, and among other proceedings of said convention so assembled the delegates nominated the said Reeves for the office of district judge, and on October 3, 1896, filed a certificate with the defendant, reciting in substance that the said Reeves had been nominated by such convention as the candidate of the Silver Republican party.

It is averred that the nominations just referred to are void because they were not made by any convention in which the county of Ravalli was represented, or was invited to be represented or had an opportunity to be represented.

The petitioner then sets forth that on October 3, 1896, there

were filed with the secretary of state four lists of names whereby certain qualified electors of Missoula county nominated George W. Reeves as candidate of the Silver Republican party for district judge of the fourth judicial district. The petitioner alleges that those petitions are defective by reason of electors in certain instances omitting to sign their places of residence and occupations as required by law. It is next averred that on October 3, 1896, certain other petitions were filed with the secretary of state, wherein certain electors attempt to nominate the said George W. Reeves as the candidate of the ''Republican Party of the state of Montana.'' But the petitioner alleges that these petitions are defective by the omissions in certain cases to add to the names of the electors their places of residence, etc. It is also averred that there are not enough names upon the petitions referred to to nominate the said George W. Reeves according to law.

The secretary of state by answer denies that Hershey was ever duly nominated and alleges that at a regular Republican state convention composed of electors from all the counties in the state, the delegates attending such convention from Ravalli and Missoula counties without right or authority assembled and pretended to nominate Hershey, but never filed any certificate of nomination, and that said Hershey was regularly nominated by the Republican county convention of Missoula county as county attorney for said county. The defendant denies ''on information and belief that the Silver Republican party has been at all times since the 9th day of September, 1896, a regularly organized and existing political party in the said fourth judicial district of the state of Montana ;'' alleges that the Missoula Republican county convention nominated said Reeves as a candidate for judge, and filed with the defendant on October 3, 1896, a certificate in due form ; admits that after the Republican county convention had adjourned *sine die*, a part of the delegates attending such convention assembled as a Silver Republican convention, and alleges that after assembling and duly organizing as a convention representing the Silver Republican party, they nominated said Reeves as a can-

didate for judge and in due form filed a certificate of nomination with the defendant. The defendant alleges on information and belief that neither the Republican party, nor the Silver Republican party in Ravalli county have ever held a convention for the purpose of nominating a candidate for the office of judge of the fourth judicial district, but have acquiesced in the nomination of the said Reeves for said office.

The answer admits the filing of the petitions referred to by the allegations of plaintiff's petition, but denies the defects alleged in the petitions. It is unnecessary to mention the particular defects in the denials more specifically, as they are not material to the decision of the case. To this answer the petitioner filed a demurrer.

*T. J. Walsh,* for Relator.

*Henri J. Haskell,* Attorney General, *M. S. Gunn* and *Thomas Marshall,* for Respondent.

HUNT, J.—The attempted nomination of Mr. Hershey as Republican candidate for district judge by the delegates to the state convention on September 9, 1896, from Ravalli and Missoula counties is not important, because, whether the method pursued was legal or not is immaterial, inasmuch as Mr. Hershey expressly declined to be a candidate, by a written declination on file with the secretary of state. So that if the judicial district was properly represented by the assembling of the delegates to the Republican state convention from the several counties of the district in a district convention, and if such district convention properly exercised its powers by selecting a candidate, still their work as a district convention has become ineffective both by the declination of Mr. Hershey and by the failure of any subsequent concerted action by such district convention, or by any committee delegated by such convention to substitute another candidate in place of Hershey. The fact is, therefore, that there is no Republican candidate for district judge who was nominated by any convention of delegates chosen from Ravalli and Missoula counties. So far the case is perfectly simple.

But in the current of political conventions, on September 22, 1896, the Republican party, in and for Missoula county, held a county convention to nominate candidates for county offices in Missoula county. This convention, it appears by the pleadings, was essentially a county convention for the county of Missoula. It is admitted that its delegates were exclusively from Missoula county, and its functions were evidently intended to be limited to the single purpose of making nominations usually and appropriately to be made by a county convention. No invitation was ever extended to the Republicans of Ravalli county to send delegates to the convention—no opportunity was given to Ravalli county to participate in the convention, and there was in fact no representation at all of Ravalli county. This county convention, however, went beyond its evident primary purposes and nominated a candidate for a state office—judge of the district court for the fourth judicial district—an official in whose election Ravalli as well as Missoula county is deeply interested, and for whose election each is authorized to vote under the constitution and laws of the state. We are irresistibly led to the conclusion that the elector who may vote for the election of a judge of a judicial district should have every fair and usual opportunity to participate jointly in the convention nomination of a candidate for that office and should jointly participate, or decline to do so. The letter of our constitution is, "the state shall be divided into judicial districts in each of which there shall be elected by the electors thereof one judge of the district court," etc. Thus is the right preserved to the electors to choose their own judicial officers; and it is strictly in accord with the spirit of popular elections in our land that where the official is to be elected by the joint vote of several counties, the nomination of a candidate to represent any political organization should be by representatives of such party from all such several counties acting jointly.

The statutes, sections 1310, 1311, 1312, Political Code, recognize systems of conventions and primary meetings held to nominate candidates for public office. Such conventions

are, however, in our judgment meant to be organized assemblages of electors or delegates fairly representing the entire body of electors of the political party which may lawfully vote for the candidates of any such convention.    In a similar case, *State* v. *Weir*, (Wash.) 31 Pac. 417, the supreme court of Washington said: "The plain intent of said section, when examined in the light of all the other sections upon the subject, makes it perfectly clear that the primary meeting or convention must be by or on behalf of the entire body of voters of the respective party who are to be allowed to vote at the election of the officers therein nominated."

We, therefore, think the Missoula county Republican convention did not represent the Republican party of the fourth judicial district and its action in nominating a candidate for judge was, under the pleadings of this case, a nullity.

These observations are equally pertinent to the certificates purporting to be the nomination papers of George W. Reeves by the convention of the silver republican party of Missoula county.   "The Silver Republican party"—it being conceded by the pleadings on both sides that such an organization existed in Missoula county September 22, 1896—in its convention ignored the rights of Ravalli county, as did the Republican convention.   Their action, therefore, is to be judged in the same manner, and our conclusion must be that no benefit can accrue to Mr. Reeves as a convention nominee of that organization for the office of district judge.

No Republican or Silver Republican convention having lawfully nominated a candidate for district judge, we will now briefly consider the certificates of nomination filed by the electors of Missoula and Ravalli counties and determine what, if any, standing they give to Mr. Reeves.  These petitions may be regarded, for the purposes of this decision, as subscribed by the required number of electors, and as otherwise regular under Sec. 1313, of the Political Code except as hereinafter discussed.   This section provides in part that: "Candidates for public office may be nominated otherwise than by convention or primary meeting in the manner following:   A certificate of

nomination, containing the name of a candidate for the office to be filled, with such information as is required to be given in certificates provided for in section 1311 of this chapter, must be signed by electors residing within the state and district or political division in and for which the officer or officers are to be elected, in the following required numbers.'' Now, still assuming that these certificates were regular in form, as above noted we find that they are attempts to nominate Geo. W. Reeves, Esq., as the candidate of regularly organized parties, namely, the ''Silver Republican Party'' and the ''Republican Party'' of Missoula and Ravalli counties. The question, therefore, resolves itself into this: No effective nomination for district judge having been made by any convention or primary meeting held for the purpose of making a district nomination, (although a convention, purporting to be a district convention, was held and took initiatory steps towards nominating another candidate,) under such circumstances can a person get his name on the ticket of a regular party as a regular party nominee solely by petition of voters who nominate him as the candidate of such regularly organized party? We do not think he can. The petitions in this case constitute an attempt on the part of the electors who signed them to make George W. Reeves, Esq., the candidate of an organized party by petition. What the reasons were which moved the electors to secure these petitions is not material. Perhaps the invalidity of the nomination of a candidate for judge by the Missoula county conventions became apparent, and to overcome this difficulty it was thought proper to make party nominations by petition of electors residing within the entire election district. But, whatever the object of the double systems employed may have been, it is plain that Judge Reeves was simply intended to be nominated as the candidate of the Republican and Silver Republican parties. His counsel throughout argument have contended and expressly reiterated time and again that he is not an electors' candidate but is the regular candidate of those two political organizations, thus candidly conceding that unless the nomination is good as the

candidate of the parties above named, it is altogether void. We think this position of counsel under the facts of this case is but honest and correct, and we agree that unless Judge Reeves is a regularly nominated party candidate his name should not go on the ballot at all. The certificates and petitions by their phraseology asked that George W. Reeves, Esq., be made a party candidate, and the electors who signed those petitions must have acted under the belief that he might become a candidate of the political parties named in the petitions. We may, therefore, invoke the doctrine of the *Stackpole case,* 16 Mont. 40, in this inquiry by limiting ourselves to the consideration of the case brought before the court in the manner and under the circumstances and in connection with the facts as they appear by the record and by the oft repeated legal attitude conforming to those facts that the counsel frankly assumed before the court. We are, therefore, spared entering into any discussion of the question whether Judge Reeves' certificates and petitions, purporting to nominate him as the Republican Party candidate and the candidate of the Silver Republican Party, are good as independent nominations of an independent or electors' candidate. We will not now decide that under Sec. 1313, Political Code, a certificate of nomination by electors to be valid *must* contain the designation of a party or principle. We are disposed to regard that section of the Code as contemplating simply the candidacy of one not a nominee of a party—an independent or electors' candidate. When the statutes are read with relation to the different conditions contemplated we are not prepared to say that the *information* referred to in Sec. 1313 necessarily extends to more than the name, residence, business address and the office for which the candidate is nominated; the question is one proper to be reserved until directly before us. But returning to the direct point to be passed upon, we are obliged to hold that Judge Reeves, by the petitions, cannot have his name placed on the ticket of a regular party in existence.

The law contemplates nominations by conventions, by primary meetings held to make nominations or by petition by a cer-

tain number of electors resident within the district or political
divison in which the officer is to be elected.   Conventions or
primary meeting nominations under the law are made by
organized assemblages of electors or delegates representing a
political party or principle, and only candidates so nominated or
nominated by committee with delegated authority to nominate, .
are the nominees of political parties, and only such are entitled
to be placed as regular party nominees upon the official ballots.
A candidate certified as nominated by electors is not nominated
by a political party.   He is simply a candidate of those indi-
vidual electors who have joined in nominating him, and he is
only entitled to be placed upon the ballot as such a candidate.
There is no positive obligation upon a political convention to
make a nomination for a political office.   Considerations of
expediency may, and sometimes do, make it wise in the judg-
ment of a convention not to place any nominee of the party
upon their ticket, and this right of a political convention
should be guarded.   If it were otherwise, peculiar conditions
of political affairs might arise ; for instance : a state conven-
tion of a party might see fit to make no nomination for a
member of congress.   Their action in thus refusing to nomi-
nate would be that of an organized assemblage of delegates
representing a political party and its principles.   But if any
number of electors may by petition certify to the secretary of
state a candidate for congress and make him the candidate. of
that political organization which in convention had declined to
nominate a candidate, the law would countenance the frittering
away of all rights commonly accorded to political conventions
as representing political parties, and any name might be placed
upon a ticket.   Again, the secretary of state, by section 1317,
is obliged to certify to the county clerk the name and descrip-
tion of each person nominated as specified in the certificates of
nomination filed in his office.   It is by means of this
certification of the secretary of state that the county clerk
is informed how to prepare the official ballot for electors.
The certificate to the secretary of state emanating from a con-
vention or primary meeting must be signed by the officials

of the convention; the certificate of nomination by electors must be signed by the electors only.    The certificate emanating from the officers of a convention clearly must designate the principle or party represented by the convention.    By means of this designation in the convention certificate the secretary of state specifies the description of the person nominated, including his party designation; but the law, except perhaps in cases presenting unusual conditions, does not authorize *electors* who may make a nomination by petition, to make their nominees the nominees of an organized political party whose name they may select, provided such party is authorized to make a nomination by convention or primary meeting held for the purpose of making nominations.    The secretary of state, therefore, cannot certify a candidate so nominated by *electors*, as the candidate of a political party, for clearly he is not such a candidate and has no place in a group of candidates certified as nominated by a regular political party convention or organization, under the name of the party making such nomination. We find authority for these views in the cases of *Atkeson* v. *Lay*, (Mo.) 22 S. W. 481 ; *Phillips* v. *Curtis*, (Idaho) 38 Pac. 4 )5.

We conclude under the facts of this case that the Republican conventions of the district have not nominated Judge Reeves as their candidate, and it being our opinion that the attempts to make him the candidate of such parties by petition are invalid, and as the court is not requested to regard him as an independent or electors' candidate, it necessarily follows that the demurrer must be sustained and the writ of injunction prayed for will be made permanent and it is so ordered.

*Writ granted.*

PEMBERTON, C. J., and DE WITT, J., concur.