[Nos. 3838 and 3839.]

WHIPPLE, SECRETARY OF STATE, v. OWEN, AND WHIPPLE, SECRETARY OF STATE, v. BANSEMER ET AL.

ELECTIONS — CERTIFICATE OF NOMINATION — PARTY NAME AND EMBLEM.

Except in unusual conditions, electors cannot, by petition nominating a candidate to office, select a name and emblem which has been appropriated, or attempted to be appropriated, by a *bona fide* existing political party.

*Original Proceeding on Petition to Assume Jurisdiction under the Statute.*

Messrs. WELLS, TAYLOR & TAYLOR, for petitioner.

Mr. L. F. TWITCHELL, Mr. JOHN A. RUSH, Mr. FRANK C. GOUDY and Mr. C. H. REDMOND, for respondents.

PER CURIAM.  These two cases were consolidated for trial in the district court, and were likewise heard upon this review.  James Owen, V. H. Miller and J. Maurice Finn each claimed to be the nominee of the Silver Republican party for district attorney of the fourth judicial district. The controversy here is as to which one is the legal nominee of that party and entitled to certification under the party emblem and name.

Three alleged conventions were held by the party in that district, each claiming regularity, one of which nominated Owen, another Miller, and the third Henry Trowbridge, who subsequently resigned, and in whose place J. Maurice Finn was attempted to be substituted by the committee to which the third convention delegated that authority.  After such substitution was made, Finn declined to accept the same and repudiated it, alleging that none of these conventions was regular or valid, and he thereupon was nominated by peti-

tion for the office in question as the nominee of the Silver Republican party.

The appropriate filings, protests, etc., seem to have been made in the office of the secretary of state, so as to invoke his jurisdiction, and the result of his decision upon the same was that Finn's name should be certified on the official ballot.

The controversy was then removed to the district court of Arapahoe county, and the decision there was that Owen was the genuine nominee. Miller has not sought a review of that decision, and his name appears in this court for the reason that these cases were consolidated, as before mentioned, and for the further reason that his protest against Finn's nomination was sustained by the district court. The court based its decision entirely upon the admitted facts appearing in the record, and our examination of this record satisfies us that the decision should be affirmed for that reason.

In the case of *Liggett v. Bates, ante,* p. 314, we held the "Hickman," and not the "Howard," county convention of the Silver Republican party of El Paso county to be the regular convention. The former selected the delegates to the judicial convention which nominated Owen, while the latter selected the delegates to the convention that nominated Trowbridge. It seems necessarily to follow from this that Owen, and not Trowbridge, was the regular nominee for district attorney in that district.

This is true although there are five other counties in the district; but, as appears in the record, the number of delegates from El Paso county greatly exceeds those of all the other counties, and as far as the point under consideration is concerned, these other delegates need not be taken into consideration.

But it is said by counsel that Finn no longer claims any rights springing from the "Howard" convention, and insists that all of the so-called conventions were irregular and illegal. He therefore asks that his nomination by petition shall be considered the only legal one. There are two conclusive

answers to this contention. *First*, in a proper proceeding between proper parties, it has been held by this court that the "Hickman" convention, which necessarily determines the integrity of the judicial convention, was the regular convention of the party, and that convention selected the delegates who nominated Owen. *Second*, at the time of Finn's nomination by petition the Silver Republican party was a duly organized and existing political party in that district, and, to say the least, had made a *bona fide* attempt to nominate a candidate for district attorney. Whatever may be the right of electors to select a party name and emblem by petition, this need not be determined, as that particular question is not raised in this case. Except in unusual conditions which do not prevail in this case, the general rule, according to all the authorities, is that electors may not, by petition, select a name and emblem belonging to a *bona fide* existing party which has appropriated, or attempted to appropriate, the same. Finn's nomination, therefore, does not give him any right to the party name and emblem in question, and he is not in any position to attack the right of Owen thereto. *State v. Rotwitt*, 18 Mont. 502; *State v. Tooker*, 18 Mont. 540; *State v. Fransham*, 48 Pac. Rep. (Mont.) 1; *State v. Elliott*, 48 Pac. Rep. (Wash.) 734, and cases cited; *Phillips v. Curtis*, 38 Pac. Rep. (Idaho), 405.

It follows that the judgment of the district court should be affirmed, with costs against the petitioner here (respondent below) and the secretary of state is ordered to certify Owen's nomination in conformity with the decision of the district court.

*Affirmed.*

Chief Justice Hayt not sitting.