## PERSONS v. PENN et al.

No. 4360.   Opinion Filed October 1, 1912.

(127 Pac. 384.)

MANDAMUS—Election Officers—Ballots.   By reason of section 3266, Comp. Laws 1909, as amended by act of the Legislature, entitled "An act providing the time, manner and means of holding primary elections" (Sess. Laws 1909, p. 270), a person cannot compel by mandamus·the state election board to place upon the official· ballot for a general election his name as a nominee and candidate of a political party for representative in Congress at large, where his name was not printed upon the ballots of such party at the primary election, and his candidacy for nomination by such party was not voted upon by the members of the party at the primary election, although such person filed his petition within the time prescribed by statute to have same printed upon the tickets of such political party as a candidate for nomination by that party for said office.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Application by E. L. Persons for a peremptory writ of mandamus to C. C. Penn and others as the state election board of Oklahoma. From a judgment denying the application, the applicant brings error.   Affirmed.

*H. M. Gray,* for plaintiff in error.

*Chas. West,* Atty Gen., and *C. J. Davenport,* for defendants in error.

HAYES, J.   This proceeding in error is prosecuted from a judgment of the superior court of Oklahoma county denying the application of plaintiff in error for a peremptory writ of mandamus, commanding defendants in error, who constitute the state election board, to print plaintiff in error's name upon the ballots for the general election to be held on November 5, 1912, as a nominee and candidate of the Progressive party for representative in Congress at large.   The alternative writ was issued by

the trial court, and, after defendants in error filed their answer thereto, evidence was taken upon the issues formed by the writ and answer. The facts presenting the questions of law to be determined here are that plaintiff in error duly filed with the secretary of the state election board within the time provided by law for filing such petitions his petition for nomination as a candidate of the Progressive party for the office of representative in Congress at large from this state at the primary election on August 6, 1912. No other person filed a petition as candidate for nominee of the Progressive party for said office. The state election board failed to provide any tickets for the Progressive party at said primary election, and plaintiff's name as such candidate was not submitted to nor voted upon by the voters at the primary election. Upon refusal of the election board to print his name as nominee and candidate of the Progressive party for congressman at large upon the election tickets for the general election to be held on November 5th next, plaintiff in error brought this action for mandamus. Defendants resisted the application in the lower court upon the ground, first, that the Progressive party was not in existence at the time plaintiff filed his petition for nomination at the primary, and that such party was not organized until after the period provided by the statute for filing applications for nominations by political parties at the recent primary election had expired; and, second, that, if the Progressive party existed as an organized party at said time, plaintiff was not voted upon as a candidate for nomination by said party as one of its candidates for congressman at large, and the board is therefore unauthorized by the statute to place his name upon the tickets for the general election as a candidate of said party. Assuming the Progressive party had such organization or existence at the time plaintiff filed his petition for nomination as to entitle it under the statute to select and nominate as a political party at the primary election in August candidates for congressman at large, we are of the opinion that defendants' second contention is sound, and for that reason the trial court committed no error in denying the peremptory writ.

Section 3266, Comp. Laws 1909, as amended by act of the Legislature, entitled "An act providing the time, manner and means of holding primary elections" (Sess. Laws 1909, p. 270), reads as follows:

"Political parties in this state shall select or nominate their respective candidates for the various state, district, county, township and precinct offices by a primary election as herein provided for *and no candidate's name shall be printed upon the official ballot for any general or special election at which all or any of the state, district, county, township or precinct officers are to be elected unless such candidate shall have been nominated as herein specified* (italics ours); provided, that this provision shall not exclude the right of nonpartisan candidates to have their names printed upon such official ballots as hereinafter provided for."

It is to be observed that plaintiff does not seek to have his name placed upon the ballots as a nonpartisan candidate, but as a nominee of a political party. The foregoing portion of the statute italicized by us plainly and specifically prohibits that any person's name shall be printed upon the official ballot at any general election as a candidate of any political party, unless he shall have been nominated by that party by a primary election as provided for in the subsequent provisions of the statute. By other sections of the statute, as amended by the foregoing amendatory act, it is provided that any person desiring to become a candidate before a primary election for a political party nomination for the office of representative in Congress shall file within a time specified by the statute his petition with the secretary of the state election board, asking that his name be printed upon such political party's ticket for nomination; and by section 20 of said amendatory act it is provided, when the election board has completed its tabulation of the returns, the person having received the highest number of votes for any office in the political party before which he was declared a candidate shall be declared the nominee for such office, and be given a certificate of nomination for the same, which shall entitle him to have his name placed on the official ballot at the ensuing election as the nominee of such party for such office. The provisions of the statute not only authorize the different political parties to nominate their candidates for office to be voted upon at any election by a primary election

for that purpose, but make it mandatory that such candidate shall be nominated in that manner. It is the contention of plaintiff that, because no one filed as a competitor for nomination as candidate for the office which he seeks, he should be now treated as the nominee of his party, although no expression was made upon his candidacy by the voters of his party at the primary election. Assuming that plaintiff was entitled to have his name placed upon the ballot for the primary election, we can find no provision of the statute that gives him a clear right to be declared the nominee of his party, without ever having been voted upon at the primary, although he was without a competing candidate.

It appears that some of the states in providing for primary elections for the nomination of candidates by political parties have enacted statutes providing that, where only one person files as a candidate for the nomination of any one office, the name of such person shall not be placed upon the ballot for the primary election, but that such person shall be declared and treated as the nominee, without being voted upon, but the statute of this state contains no such provision. Plaintiff filed his petition in time; but when the election board failed to place his name upon the ballot of the Progressive party, and, in fact failed to provide any ballots for the Progressive party, neither he nor said party took any steps by proceeding in court toward compelling the board to prepare such ballots. We cannot presume, in the absence of any action on the part of the Progressive party to nominate candidates for the office which plaintiff seeks, that if it had acted at the primary, it would have selected plaintiff as its candidate. The statute contemplates no such presumption; for if it had some exception would have been made to the provision that no candidate's name shall be printed upon the official ballot at the general election, except he be nominated in the manner the statute prescribes, to wit, by the voters of the party at a primary election.

It is plaintiff's contention that he should be treated as the nominee and candidate of the Progressive party, because of the alleged neglect of duty by the state election board to place his name upon the ticket for the primary election; but, assuming

that the board was delinquent in this respect, still we think no such right follows to plaintiff, because it was his duty to see that such tickets were printed by instituting proceedings in the courts to compel the performance of such duty, and we cannot say that, if plaintiff's name had been printed upon a ticket at the primary, he would have received any votes, and would therefore have been entitled to a certificate of nomination. For aught the record discloses to this court, the Progressive party may not have desired to make any nominations whatever at the primary election at which plaintiff sought to be a candidate; and the fact that no steps were taken by that party toward securing a submission of a list of candidates, for nominees at the primary, except the sole act of plaintiff in filing his petition, indicates that it was not the desire of the party to nominate a ticket. As the statute now exists, one can make himself a candidate for the nomination of a political party by filing his petition to have his name placed upon the primary ticket as a candidate for such nomination, but he cannot make himself the nominee of that party, without being voted upon as such candidate at the primary. We have found no case wherein the facts and the statutes involved make it squarely in point as an authority in this case; but the views we have here expressed and the conclusion we have reached find support in the following cases: *Phillips v. Curtis,* 4 Idaho, 193, 38 Pac. 405; *Atkeson v. Lay,* 115 Mo. 538, 22 S. W. 481; *State ex rel. Woody v. Rotwitt,* 18 Mont. 502, 46 Pac. 370.

We conclude, under the facts in this case, that the Progressive party has not at any primary election nominated plaintiff as its candidate for representative in Congress at large from this state, to be voted upon at the ensuing general election; and he has therefore failed to establish any clear legal right to the writ he seeks, and the judgment of the trial court is affirmed.

TURNER, C. J., and WILLIAMS and DUNN, JJ., concur; KANE, J., not participating.