## SAWIN v. PEASE.

BILL OF EXCEPTIONS — EXCEPTION — ELECTION CONTEST — PLEADING — AMENDMENTS — ELECTIONS — OFFICIAL BALLOT — WAIVER OF IRREGULARITY.

1. Although the pleadings and journal entries are part of the record without a bill of exceptions, the fact that they are incorporated in the bill will not invalidate it, nor prevent that which is properly within it from becoming part of the record.

2. The reservation of an exception to a ruling sustaining a motion is sufficiently shown by a statement in the certificate of the judge appended to the bill of exceptions, and forming a part thereof, that the motion — identifying it — was sustained and that the ruling was excepted to.

3. An election contest is to be tried like other civil actions, and the statute of amendments applies to such an action the same as any other.

4. A point of contest entirely foreign to the charge contained in the petition as originally filed, should not be permitted to be set up for the first time by way of amendment, if the time has elapsed within which the contest may be inaugurated.

5. If, however, the petition is defective, it may be amended by making its allegations more particular, definite, or certain.

6.   When there is a charge of fraud, but no averment showing how the fraud would affect the result, the defect may be remedied by amendment.

7.   The statute requiring the official ballot to contain the names of candidates for each office arranged under the designation of the office in alphabetical order according to surnames, except that candidates for presidential electors are to be arranged in separate groups, and the ballot being required to contain the name of the party or principle which the candidates represent, and the ballot is prepared by the voter by marking a cross before or after the name of the person or persons for whom he intends to vote ; the name of one person as a candidate of more than one party for the same office is not entitled to be printed upon the ballot more than once.   The law does not contemplate that the name of one nominated by two or more parties for the same office shall appear more than once upon the official ballot.

8.   The printing of the name of one nominated by two parties for the office of county superintendent of schools in two places upon the ballot under the designation of the office was erroneous.

9.   Whether or not a different rule would prevail as to candidates for presidential electors is not decided.

10   The irregularity, however, was waived by a failure to make objection to the county clerk respecting the manner in which the ballots were prepared, and to apply to the court or judge to have the error corrected.   (State ex. rel. v. Barber, 4 Wyo., 56 distinguished.)

11.   If any elector shall have marked a cross after the name of the candidate so printed in two places on the ballot, in both places, and such vote on one and the same ballot shall have been counted twice for such candidate, one of the votes so counted would be illegally counted.

12.   Under the circumstances as alleged in the petition in this case it is held that a cross in both places after the name of the person whose name was printed twice upon the ballot as a candidate for the same office did not constitute distinguishing marks such as should invalidate the ballot.

[Decided November 19, 1895.   Commenced in District Court December 12, 1894.]

Error to the District Court for Albany County, Hon. J. H. Hayford, Judge.

Election contest. The material facts are stated in the opinion.

*W. H. Fishback*, for plaintiff in error, cited the following authorities. (Bliss on Code Pl., 210, 211, pp. 258–59; Landmer v. People, 15 Colo., 559; Wilson v. R. R. Co., 7 Colo., 102; White v. Lyons, 42 Cal., 279; Herford v. Cramer, 7 Colo., 483; Bayles v. Ry. Co., 13 Colo., 196.)

*Bramel & Bramel*, for defendant in error.

The plaintiff in error waived any irregularity in the manner of printing the name of defendant upon the ballot, not having properly made objection thereto prior to the election. (State v. Norris, 37 Neb., 299; Allen v. Glynn, 17 Colo., 338; Bowers v. Smith (Mo.), 20 S. W., 101.) A demurrer does not admit conclusions of law. (Millard v. Baldwin, 3 Gray, 484; Sistermans v. Field, 9 id., 331; Ockendon v. Barnes, 43 Ia., 615; Gould Pl., Sec. 29.) A mere charge of fraud without a statement of the facts on which the fraud is based is the averment of a legal conclusion and subject to demurrer. (Ockendon v. Barnes, supra.) There was no error in printing name of defendant upon the ballot twice. (State v. Stein, 53 N. W., 999; State v. Norris, 55 N. W., 1086; Miller v. Pennoyer, 31 Pac., 830 Or.; Fisher v. Dudley (Md.), 22 Atl., 2; Simpson v. Osborne (Kan.), 34 Pac., 747; Shields v. Jacobs, 50 N. W., 104 (Mich.); Ellis v. Glaser, 61 N. W. (Mich.), 651; Behrensmeyer v. Kreitz, 26 N. E., 709.) The averment that bears most strongly against the pleader will be taken as true. (Bell v. Brown, 22 Cal., 671; Steph. Pl., 378.)

A party can not state a new cause of action in an amendment. (Bliss Code Pl., 429.) For that reason the new allegations in the amended petitions were properly stricken out. Matter inconsistent with or repugnant to the substantial allegations of the original petition can not

be introduced by amendment. (Balleton v. Fuller, 60 N. W., 1071; Ogden v. Moore, 95 Mich., 290; Hill v. Hill, 53 Vt., 578; Bank v. St. L. D. Co., 38 Fed., 57; Ray v. Womble, 56 Ala., 32.)

POTTER, JUSTICE.

This is an election contest, and involves the election of county superintendent of schools of the county of Albany at the general election held in 1894. Lizzie F. Sawin was the republican nominee and Sarah W. Pease was the nominee of the Democratic and People's parties. The latter was declared elected, and within thirty days thereafter the plaintiff filed her petition in writing with the clerk of the district court of Albany County for the purpose of contesting the election. To this petition a motion was interposed asking that it be made more definite and certain, which was sustained in part only, and plaintiff was granted time and leave to file an amended petition. The amended petition was filed, and a motion to strike therefrom certain portions as redundant and irrelevant was sustained in part, and upon a demurrer to this petition being sustained, leave was again granted for the filing of an amended petition; thereupon a second amended petition was filed, and to this a motion was filed to strike out parts thereof for the reason that the same stated a new point of contest for the first time set up in the second amended petition, and more than thirty days had elapsed since the defendant was declared elected, and that the paragraphs thus complained of were inconsistent with and repugnant to certain allegations of the original and first amended petitions. This motion was sustained. A demurrer to the second amended petition was then filed, and this was sustained, and the plaintiff not desiring to plead further, judgment was rendered in favor of defendant, and plaintiff prosecutes error.

The only matters at all before us for consideration is the action of the court in sustaining the motions to strike

and the demurrers.   At the outset we are confronted with
the proposition suggested by counsel for defendant, that
the record fails to disclose any exception to the ruling of
the court in sustaining the motion to strike out certain
paragraphs and parts of the second amended petition.
The journal entry of the court in relation to the ruling
upon that motion is silent respecting any exception of
plaintiff.   The record before us is all embodied in what is
entitled at the commencement, " Bill of Exceptions," and
at the close thereof appears the signature of J. H. Hay-
ford as judge of the second judicial district of Wyoming,
immediately preceded by the statement that the plaintiff
prayed that " this her bill of exceptions in that behalf"
"might be allowed, which is accordingly done, and upon
"her motion ordered to be made a part of the record in this
"case."   The document in its entirety contains all the
pleadings, the various motions filed, orders made thereon,
and all journal entries certified to by the clerk of the
court under its seal, and then a statement of the various
proceedings taken in the case, this last-mentioned state-
ment being headed by the title of the cause and entitled
" Certificate of the Court."   After the statement of venue
and title of the cause on the first page of the record before.
us appear the words " Bill of Exceptions," and the whole
including the part called "certificate of the court" is.
signed by the presiding judge of the court.   Although
the pleadings and journal entries are a part of the record
without a bill of exceptions, the fact that they are thus.
incorporated in the bill will not invalidate it or prevent
that which is properly within it from thereby becoming
part of the record.   In the certificate of the court, or the.
final statement so denominated, appears the. following:
"And on the hearing of the motion of defendant to strike.
"out all of paragraph 4 of point 'A' and point 'B,'
"therein described in this cause, in the district court
"aforesaid, at the January, A. D. 1895, term of said
"court, the said court sustained said motion on the ground.

"that said plaintiff's second amended petition contained "new matter, to which ruling and decision of the court "the plaintiff excepted." This by order is then made a part of the record. We conceive that this sufficiently shows by the record that an exception was preserved to the ruling of the court upon the motion.

The original petition, after alleging certain jurisdictional facts, and that the board of canvassers, composed of the county clerk and two justices of the peace of the county, in making up the abstract of votes from the various returns, found and declared that defendant was elected by a majority of five votes over the plaintiff, proceeds to state that plaintiff desires to contest the election, and then follows a statement of the points of contest. The petition was divided into numbered paragraphs, the points of contest commencing with paragraph number 7, which is again subdivided into paragraphs numbered consecutively A to F, inclusive. These points in substance were that the official ballot had printed upon it the candidates for the office in question as follows:

" For County Superintendent of Schools.
"(Vote for one)
"Sarah W. Pease.........................Democrat.
"Sarah W. Pease....................People's Party.
"Lizzie F. Sawin.......................Republican,"
thereby misleading and deceiving the voters of Albany county, and thereby depriving plaintiff of her right to have the ballot of an elector counted but once. These allegations appeared in subdivision " A " of paragraph number 7. Then in subdivision "B" it is alleged that as a result of the printing of the ballot in such manner four hundred and twenty-six electors voted twice for the defendant, and that the judges of election of the various voting precincts wrongfully and illegally counted said four hundred and twenty-six votes as legal votes, and as having been cast for said defendant, and the county clerk in making up his abstract wrongfully and illegally counted said votes as legal votes and as having been cast for the

defendant. In subdivision "C" it is stated that in precincts one, four, and five in Laramie City, and in the precints named "Little Medicine" and "Seven Mile" and a number of others, the judges of election counted the votes appearing on the official ballot as having been cast for defendant as People's party candidate and as the Democratic party candidate separately, and afterward added together the totals so found, and returned the total thus arrived at in their returns to the county clerk, and said clerk in making up his abstract wrongfully and illegally accepted said totals, thereby giving credit to defendant with one hundred and more of illegal votes.

Subdivision "D" contains the following allegations: That no returns have been made of the poll books, ballots cast, and affidavits of electors concerning the qualifications of electors voting, to the county clerk as provided by law from Mountain Home, Lodge Pole, and Mandel precincts, and that the canvassers in making up their abstract did wrongfully and illegally credit said defendant with forty-nine votes alleged to have been cast for her in said precincts as represented by pretended returns of said precincts.

In subdivision "E" it is alleged that in making up the said abstract and in declaring that defendant had received 1132 as against 1127 received by the plaintiff, the county clerk did count and give credit to defendant with over one hundred illegal votes.

In subdivision "F" that upon a recount of all the legal votes having been cast for superintendent of schools the result will show that the plaintiff has been duly and legally elected to said office and is entitled to the election certificate.

The petition then in paragraph number 8 proceeds to aver that the county clerk, together with the different judges of election, in making up the returns and abstract, as provided by law, did wrongfully and illegally credit the defendant with over one hundred illegal votes, and thereby deprived plaintiff of her right to said office, and

7

that plaintiff was duly elected to said office.    It is evident
that although placed in separate subdivisions all the alle-
gations contained in subdivisions A, B, and C are inti-
mately connected, and relate to the same matter; viz., the
printing of the name of defendant upon the ballot twice,
and the result thereof, these results being stated to be:
1, "thereby depriving plaintiff of her right to have the
"ballot of an elector counted but once;" 2, four hun-
dred and twenty-six electors voted twice for the defend-
ant, and they were counted, returned, and abstracted as
legal votes; 3, that in five precincts the votes cast for
defendant as the candidate of each of two parties were
counted separately, then added together, and thus returned
and abstracted, which gave credit to defendant with more
than one hundred illegal votes.    It might be added that
it is also alleged that the printing of the ballots in the
manner stated misled and deceived the voters.    Another
and independent allegation concerns the counting of votes
not returned by the judges and clerks of election from
three precincts; and then appears general averments of
the crediting defendant with one hundred and more of
illegal votes.    We have been thus specific in the analysis
of the original petition, for the reason that the amended
petitions with very few exceptions conform to it.

Defendant interposed a motion to make subdivisions A
to F, of paragraph 7, respectively, and paragraph 8 of
the petition more definite and certain.    This motion as to
subdivisions A and B of paragraph 7 was sustained and
overruled as to the others, and plaintiff was granted leave
and time to amend the petition.

The amended petition down to paragraph 7 closely
follows the original, and, in subdivision A of that para-
graph, in addition to a statement of the manner of print-
ing the candidates for said office upon the official ballot
and the other allegations found in the corresponding para-
graph of the original petition, avers that the ballot was so
prepared by the county clerk, who was a democrat, upon
the representations of the county attorney, who was a

democrat, that the law required the ballot to be so printed; that the county attorney and defendant at divers times prior to and on the day of election represented to the judges of election of the different precincts and to the voters of the county, that if any of them should vote for defendant twice on the same ballot, one of said votes could be legally counted for her; that the printing of her name twice on the ballot was legal; that the said representations were false and were then known by defendant to be so, and were made to deceive and defraud the voters of the county and to induce the judges of election to make and return an unfair count of the legal votes cast for said office, and to defeat the plaintiff by procuring, counting, and returning fraudulent votes; that the said judges of election received, counted, and returned to the county clerk enough unlawful and fraudulent ballots in favor of defendant to change the result so as to give defendant a majority of the votes cast upon the face of the returns, when in fact plaintiff was elected by a majority of the legal votes cast. Then follows a statement of the number of unlawful and void ballots counted and returned for defendant, as set forth in the petition, in each precinct.    It was also alleged that the voting twice upon the same ballot for defendant constituted a distinguishing mark.

In subdivision B, of this amended petition it is averred that as a result of the printing of the official ballot as stated, and the misrepresentation and frauds practiced, as thereinbefore mentioned, evidently referring to the representations of the county attorney and defendant which had been referred to, four hundred and twenty-six unlawful votes were counted at said election in the precincts of said county for the defendant, and the judges in making up their returns wrongfully and illegally counted said votes as legal votes and as cast for defendant, and the county clerk included them in his abstract.    Then follows similar allegations to the others which appeared in the original petition.

It is apparent that the elaboration of subdivisions A and

B was in pursuance of the demand made by the motion to make more definite and certain by showing wherein or whereby the voters were misled and deceived, and plaintiff was deprived of her right to have the vote of an elector counted but once, and the facts showing how the printing of the ballot in the manner alleged resulted in many electors' voting twice. A motion to strike out several portions of the amended petition was then filed, the ground stated being that the same were sham, redundant, irrelevant, and frivolous, as well as that the amendment does not comply with the order of the court requiring subdivisions A and B of paragraph 7 to be made more definite and certain. Upon the hearing of this motion the court sustained it as to paragraph 5 of subdivision A, and it was denied in every other respect. It was urged by the motion that said paragraph 5 contained new matter for the first time set up in the amended petition.

A demurrer was then interposed to each point of contest specifically and to the amended petition as a whole on the ground that neither point of contest, and that the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff granted leave to file another amended petition. This was filed. Its allegations were quite similar to the first amended petition, except that in subdivision B the averments were so changed as to charge that as a result of the printing of the official ballot in manner suggested "four hundred and "twenty-six electors voted twice consecutively at the elec- "tion aforesaid for said defendant for the office of county "superintendent of schools, and that the judges of election "of the different voting precincts of said county in making "up their returns to the county clerk, as hereinbefore "mentioned, wrongfully, illegally, and fraudulently "counted said four hundred and twenty-six votes as legal "votes and as having been cast twice consecutively for "said defendant, and the county clerk in making up his "abstract of the votes cast for candidates for the office of "county superintendent of schools wrongfully, illegally,

"and fraudulently counted said four hundred and twenty-
"six fraudulent votes as legal votes, and as having been
"cast twice for said defendant consecutively," and para-
graph 4 of subdivision A in the last petition was as fol-
lows: "That said judges of said election received, counted,
"and returned to the county clerk enough of void and fraud-
"ulent votes, that had been voted twice consecutively
"on the same ballots, and counted twice for said defendant,
"to change the result so as to give to the defendant a
"majority of the votes cast, on the face of the returns,
"when in fact the plaintiff was duly elected by a majority
"of the legal votes cast." A motion to strike out these
alleged new allegations was filed and presented, and sus-
tained. A demurrer to the petition was thereupon sus-
tained. Some other changes, which should perhaps be
considered as slight, and rather explanatory than other-
wise of the original points of contest, appeared in each
amended petition, which we will advert to more specific-
ally in stating our conclusions.

Section 154 of the act governing elections provides that
the person desiring to contest an election to an office,
other than member of the senate or house of representa-
tives, shall within thirty days after the person whose elec-
tion is contested is declared elected, file with the clerk of
the district court a petition in writing setting forth the
points on which he will contest the election, which state-
ment shall be verified by affidavit of the party bringing
such contest, as in pleadings in the district court. Sec-
tions 155 and 156 provide for the issuance of summons in
the same manner as in civil actions in the district court,
and that said contest cases shall be tried in like manner
as civil actions.

Plaintiff in error challenges the correctness of the
rulings of the court upon the respective motions to strike,
and the respective demurrers to the first and second
amended petitions. Upon a careful examination and con-
sideration of the pleadings we have reached the following
conclusions:

1. It may be assumed that whether the official ballot was incorrectly printed in the respect indicated or not, or whether or not the fact that some of the electors placed a cross opposite the name of the defendant in each place where it appeared would invalidate the ballots themselves, it is clear that the defendant was not entitled to have such votes or two of such crosses upon the same ballot counted more than once.  The court sustained the motion to strike from the first-amended petition the following allegation, the same constituting a sub-paragraph of subdivision A to general paragraph 7: "5. That all ballots marked with "a cross twice consecutively after the name of said defend- "ant contain a distinguishing mark that render them void, "so that they could not be counted."

This averment in our judgment did not amount to new matter, or a new point of contest.  The original petition plainly stated that four hundred and twenty-six electors voted twice for said defendant, and the allegation now inserted, complained of by the motion to strike, and stricken out by order of the court, merely stated a conclusion of law to be deduced from such voting.  Whether or not such marks or crosses would amount to distinguishing marks such as to invalidate the ballots arose as a matter of law from the original averment, and that question was sufficiently raised by the original petition and by other corresponding statements in the petition as amended.  It may have been entirely proper, however, to strike it from the petition as redundant in that it goes no further than to announce a legal conclusion or result to be drawn from the other and preceding averments; it is unnecessary to dertermine that matter; no error can be predicated upon the ruling in that regard for the obvious reason that the question thus suggested naturally arose from the remaining statements, and plaintiff had all the advantages, if any, to be derived therefrom.

2. The ruling of the court upon the demurrer to the first amended petition was erroneous, for the reasons stated in our discussion of the last demurrer.

3. That part of the second amended petition stricken out, evidently on the ground that it stated for the first time a new point of contest, was not objectionable upon that ground or upon any other in respect to a motion to strike out redundant or irrelevant matter.

A case in which an election is contested is to be tried like other civil actions, and our statute of amendments applies to such an action the same as any other. It may be assumed, however, that a point of contest entirely foreign to the original charge, if the time has elapsed within which the contest may be inaugurated, should not be permitted to be set up for the first time by way of amendment, but that if a petition in such an action is defective it may be amended by making its allegations more particular, definite, or certain, we think there can be no doubt. When there is a charge of fraud, but no averment showing how the fraud would affect the result, the defect may be remedied by amendment. Paine on Elections, Sec. 840. That author says : " The inquiry involved in a contested "election case is one which deeply concerns the public. "The question is broader than the mere claim of an indi- "vidual to the office in controversy. It is, whether the "popular will has been, or is about to be, defeated, or "thwarted, by mistake or fraud. If, therefore, the state- "ment of the grounds of contest lack the clearness and "distinctness of allegation always desirable in judicial "proceedings, it is not, on that account, to be peremp- "torily dismissed; an opportunity to amend should be af- "forded, to the end that the points in controversy may be "developed, and the merits of the case determined." Paine, Sec. 840. See also Dale v. Irwin, 78 Ill., 170; Election Cases, 65 Pa. St., 35; Rutledge v. Crawford, 91 Cal., 526.

The original petition alleged that the name of defendant was printed in two places upon the official ballot; that a large number of electors voted twice for defendant, and that said votes were counted, that they were counted wrongfully and illegally; that in certain precincts the votes

for defendant as the candidate of each of two parties were counted separately and then added together, thereby crediting defendant with more than one hundred illegal votes; that in declaring the result, more than one hundred illegal votes were credited to defendant; and in the first amended petition it was alleged, and that allegation went unchallenged except by demurrer, that such illegal votes were "double votes." In the motion to make more definite and certain it was demanded that plaintiff make her averment as to the illegal counting of four hundred and twenty-six votes more certain by showing the facts constituting such illegal counting. Although that motion was not in all respects sustained, the plaintiff may very properly have concluded to be more definite as to each allegation in the preparation of the amendment. The original charge was that the judges of election and county clerk had counted and abstracted four hundred and twenty-six unlawful and illegal votes for the defendant. The second amended petition goes into greater detail only, and charges in effect that the ballots upon which there had been two votes for defendant were each twice counted. The first allegation being that many ballots upon which there were two votes apparently for defendant were illegally counted, the amendment is that: 1, the judges of election received, counted, and returned enough of void and fraudulent votes, that had been counted twice consecutively on the same ballots, and counted for defendant to change the result, when in fact the plaintiff was elected by a majority of the legal votes cast; and 2, that as a result of the printing of the ballot as alleged, four hundred and twenty-six electors voted twice consecutively· for defendant, that the judges wrongfully, illegally, and fraudulently counted said votes as legal votes and as having been cast twice consecutively for defendant, and that said votes were abstracted as legal votes and as having been cast twice consecutively for the defendant. In other words, and in short, the amendment is that the votes thus originally charged to have been illegally counted were counted twice upon and from the

same ballot.   We are not convinced that this presents an entirely new point of contest.   The same ballots and votes are brought into question; in each instance it is the same ballots, the legality of which are challenged.   In both cases the illegal counting of these same ballots or votes is dependent upon the alleged fact that they consisted of two votes for defendant upon the same ballot.   By the later and amended allegations the petition has been rendered more clear and certain.   The motion to strike out portions of the second amended petition was erroneously sustained.

4. Had the points stricken out been retained in the last. petition, it would hardly have been contended that the demurrer ought to have been sustained. In our judgment, however, the demurrer to each of the amended petitions. should have been overruled, notwithstanding the elimination of portions thereof in response to the motions. I will endeavor to briefly develop our reasons for such conclusion.

The first amended petition states somewhat differently the charge or point concerned in the count of the ballots for defendant in the three election precincts in Laramie City and some others, in which the votes for defendant were counted separately. It was originally stated that the totals. were added together by the judges, and the total thus arrived at returned to the county clerk. (See subdivision C, original petition.) In the corresponding paragraph of each subsequent petition the averment is that the judges of election did not add the totals together, but that the county clerk did, when preparing his abstract, which it is charged was so done illegally and resulted in crediting defendant with one hundred and more of illegal votes.   This averment, together with the statements respecting the printing of the. ballots, that many electors voted twice for the defendant, and that several so voted in these identical precincts, viz., twenty-eight in one precinct, thirty-six in another, and sixty-five in still another, no other reasonable construction can be given to the allegations in paragraph C in each petition than that these votes appearing upon each of

several ballots opposite the name of defendant in both places where it appeared thereon were each counted separately by the judges of election, thus returned to the county clerk, then the totals added together by the latter in making up the abstract, thereby crediting defendant in several instances with two votes upon one and the same ballot. This certainly states facts sufficient to constitute a cause of action. Again in sub-paragraph E of the amended petitions it is charged that in making up the abstract of votes, the county clerk, in declaring the number received by defendant to be 1,132 as against 1,127 cast for plaintiff, did count over one hundred double votes that had been cast twice consecutively on the same ballot, and gave the defendant credit with the same. This averment must also be taken in connection with the allegation respecting the printing of the ballots, the direct charge that illegal votes were cast in several precincts specifically designated as to number in each precinct, and in the first amended petition as appeared in paragraph B, that four hundred and twenty-six unlawful votes were counted in the several election precincts for the defendant; as well as the general allegation that the printing of defendant's name on the ticket in two places deprived plaintiff of her right to have the vote of an elector counted but once. It follows from what has been said that the court erred in sustaining the motion to strike out portions of the second amended petition and in sustaining the demurrers interposed to both petitions.

As this cause must be remanded for further proceeding, we deem it proper to express the views we entertain in relation to some of the questions necessarily arising upon the allegations of the petition, which we will do without greater elaboration than necessary.

Under our system the names of candidates for each office are required to be arranged under the designation of the office in alphabetical order according to surnames, except that the names of candidates for electors of president and vice-president of the United States presented in one certificate of nomination are to be arranged in a sepa-

rate group. Every ballot is also required to contain the name of the party or principle which the candidates represent as contained in the certificate of nomination. At the end of the list of candidates for each office there is required to be left a blank space large enough to contain as many written names of candidates as are necessary to fill such office. The elector prepares his ballot by marking a cross before or after the name of the person or persons for whom he intends to vote. Under this system there is no such thing as voting what is called a straight ticket representing any party or principle by a single mark, but each person voted for must have a cross marked before or after his or her name upon the ballot. There exists no reason in our judgment for placing the name of one person more than once upon the ballot as a candidate for the same office, except perhaps in the case of a candidate for presidential elector, with respect to which a different rule might prevail, although as that question is not involved, we do not decide it. That the candidate represents more than one party can be stated after his name, although it is printed but once upon the ballot; for instance, "Sarah W. Pease, "democrat and people's party." Every reason is in favor of placing the name of a candidate but once on the ballot under the designation of a single office. The same result and conclusion were reached by the supreme court of Nebraska in an able and well-considered opinion, in which State a system identical with our own is in operation. State v. Allen, 43 Neb., 651. In those States where a different system prevails, and the candidates of the various parties are printed in separate columns, and an elector may vote for all of the candidates of one party by one mark at the head of the column, it may well be held as it is that if one is a candidate of more than one party, he is entitled to have his name in each column representing the candidates of each party by which he is nominated. We do not think our law contemplated that the name of the defendant should appear twice upon the official ballot as a candidate for the office of county superintendent of

schools. The statute further provides that the candidates and their agents shall have an opportunity to inspect the ballots before they are sent out by the official charged with their preparation, and that any mistake shall be corrected without delay, and also that upon application to the district court or the judge thereof by any elector, the officials preparing the ballots may be required to correct any error therein. It does not appear that any objection was made to the county clerk respecting the manner in which the ballots were prepared, or that any attempt by application to the court or otherwise was made to have the error in the printing of defendant's name twice as a candidate for the office in question corrected. Under such circumstances, especially as it is stated that the county attorney advised such preparation of the ballot, and after the election has occurred, in a proceeding like this to contest the election we think the plaintiff must be held to have waived such irregularity, and she can not now be permitted to take advantage of the fact that her opponent's name appeared twice upon the official ballot, so far as that fact standing alone is concerned. State v. Stein, 35 Neb., 848. This case in this connection is clearly distinguishable from the decision of this court in State v. Barber, 32 Pac., 22, on demurrer to the answer in that case. There it was alleged in the answer that the name of the relator was unlawfully printed upon the ballot, that no certificate of nomination had been filed presenting the name of relator as a candidate for the office in question. Here a certificate was filed nominating the defendant by two different political parties, but the error arose in placing her name upon the ballot twice when it was entitled to but one place upon such ballot. If, however, it shall be shown that any elector marked a cross after the name of defendant in both places, thereby indicating by two different cross marks an intention to vote for her, voting for her once as the democratic candidate and once as the candidate of the people's party, and that such vote on one and the same ballot was counted twice, or as two votes for the defendant, one of

the votes so counted would be illegally counted, the defendant being entitled only to have such votes appearing upon the same ballot counted as one vote. Whether or not the vote in such case should be counted at all or not, or whether it should be considered in such case as a distinguishing mark, is not so clear. We are not prepared to say and do not decide that in no case where the name of a candidate is erroneously placed upon the ballot in two places, and an elector places a cross opposite the name in each place, or where more crosses are placed opposite the name of the same person than are necessary to indicate the choice of the elector, such additional marks would not constitute a distinguishing mark; but we are of the opinion that under the circumstances as alleged in the second amended petition in this case the double marks do not constitute in and of themselves distinguishing marks within the meaning of our statute which would require for that reason alone the rejection of the entire ballot so far as it relates to the office in question; and that nothing else appearing than is stated in said petition, where a ballot contains the cross placed by an elector opposite the name of the defendant in each place she is entitled to have that ballot counted once as a vote for her, and once only.

See Ellis v. Glaser, 102 Mich., 396.

It is alleged that the voting in the manner complained of was the result of the way in which the ballot was prepared, and that the county attorney as well as the defendant represented to the several judges of election and the voters that if any ballot should be so marked it could be counted as one vote for the defendant. The manner in which the ballot should be printed when one person was the candidate of more than one party had not received the attention of this court or any of the district courts in the State so far as we are advised; and it is not alleged that any elector voting for the defendant in the respect complained of did so fraudulently or for the purpose of distinguishing their ballot. To now hold in this case under

the conditions existing as aforesaid, and as alleged in the petition, that all of these ballots so marked contained, by reason alone of the additional or unnecessary cross, a distinguishing mark requiring it to be entirely rejected, would be doing great injustice to the voters who may have so marked their ballots honestly and with the best of intentions, as well as violence to the statutes.

The judgment of the district court of Albany County is reversed and vacated, and the said court directed to enter an order overruling the motion to strike out portions of the second amended petition and an order overruling the demurrer of defendant to said second amended petition granting leave and time to the defendant to further plead to said petition.

*Reversed.*

GROESBECK, C. J., and CONAWAY, J., concur.