STATE EX REL. MATTS, *v.* REEK, COUNTY CLERK OF GRANITE COUNTY.

[Submitted October 21, 1896. Decided October 22, 1896.]

ELECTIONS—*Nomination by petition—Validity.*—The nomination of a person for an office as the candidate of a regularly organized party, as the Silver Republican party, cannot be made by petition although the petition was signed only by members of that party and was filed by direction of the state and county central committees of the district. Nor would such nomination be entitled to appear on the ballot in a separate column as the electors Silver Republican candidate, or as an independent nomination. (*State ex rel. Woody,* v. *Rotwitt, ante,* page 502, cited.)

ORIGINAL PROCEEDING. Petition for an injunction. Writ made permanent.

*T. J. Walsh,* for Relator.

*McConnell & McConnell* and *Henri J. Haskell*, Attorney General, for Respondent.

PEMBERTON, C. J.—E. D. Matts, the relator, is the regular Democratic candidate for district judge for the Third Judicial District of the state of Montana, composed of the counties of Deer Lodge and Granite. It appears also that Theodore Brantley is the regular nominee of the Republican and Populist parties for judge of said district. It also appears from the petition that Theodore Brantley was nominated by a certificate signed and filed by the electors of the Silver Republican party in the counties composing said district. This certificate was filed with the secretary of state, and the nomination of said Theodore Brantley under said certificate, has been duly certified by the secretary of state to the county clerks of Deer Lodge and Granite counties. By this petition the relator seeks to enjoin W. J. Reek, who is county clerk of Granite county, from placing the name of Theodore Brantley on the ballot as a candidate for said office under the head of the Silver Republicans. In *State ex. rel. Woody* v. *Rotwitt*, just decided, this court held that a party nomination could not be made by petition as is sought to be done in this case. But counsel for the defendant contends that, as the certificates of nomination in this case were signed only by Silver Republicans of the district, and that said certificates of nomination were filed under the direction of the state and county central committees of said district, it thereby became a party action and legalized such nomination of Theodore Brantley. But in answer to this it is sufficient to say if the law does not permit a nomination of a regular existing party to be made by certificate of electors, as was attempted to be done in this case, and which was so held in *State ex rel. Woody* v. *Rotwitt, ante,* page 502, then the direction of the central committees to the electors to so act would have no binding force or effect, or take it out of the rule laid down in *State ex rel. Woody* v. *Rotwitt,* by this court.

Counsel for the defendant asks if we hold the nomination of

Theodore Brantley had as a party nomination, then that we hold, ''that the name of said Theodore Brantley be allowed to appear upon the ballot as the Electors' Silver Republican candidate for the office of district judge of the Third Judicial district in a separate column, or if the court should be of the opinion that the electors had no right to use the name of the Silver Republican party that their nomination of the said Theodore Brantley be allowed to appear on the ballot as the Electors Independent nomination in a separate column for the office of district judge of the Third Judicial District.''

We are of opinion that under no circumstances can the name of Theodore Brantley be permitted to appear as the Electors Silver Republican candidate, because we do not believe the electors are authorized to nominate Theodore Brantley as a Silver Republican candidate. Nor do we think his name should be permitted under the circumstances of this case to appear on the ballot as an Independent candidate. In determining this question we must consider the rights of the electors who signed the certificate of nomination of Theodore Brantley. It evidently was the intention, as appears from the allegations in the answer, of the electors who signed the certificate of nomination to nominate Theodore Brantley as a Silver Republican. It does not appear anywhere that the electors ever intended to nominate him as an Independent candidate. He is nominated and certified as the candidate of the Silver Republican party; we have no right to presume that the electors who signed this certificate of nomination would ever have done so if it had been proposed to them to nominate Theodore Brantley as an Independent candidate for judge of that district, and for this court now to change the nomination of Theodore Brantley from that of a candidate of the Silver Republican party to that of an Independent candidate for judge of said district, we think would be unauthorized by the law and by the action of the electors of that district, and might operate as a wrong, an injustice and a fraud upon the electors.

We are of opinion that the questions involved in this case

were practically determined in the case of *State ex rel. Woody* v. *Rotwitt, supra.*

. It is therefore ordered that the writ of injunction issued in this case be made permanent.

*Writ granted.*

DE WITT and HUNT, JJ., concur.

[Submitted October 21, 1896.   Decided October 22, 1896.]

*T. J. Walsh,* for Relator.

*McConnell & McConnell* and *Henri J. Haskell,* Attorney General, for Respondent.