[No. 2507.  Decided April 13, 1897.]

## THE STATE OF WASHINGTON *on the Relation of H. W. B. Hewen*, v. H. S. ELLIOTT.

ELECTIONS — NOMINATION OF CANDIDATES — ELECTORS' CERTIFICATE — CORRECTION OF BALLOT.

Under Gen. Stat., § 367, providing that candidates for office may be nominated by certificate "signed by electors residing within the district or political division in and for which the officer or officers are to be elected," the fact that the signers were all residents of one county, though the district is composed of several counties, constitutes no objection to the certificate.

Under the election laws of this state (Gen. Stat., §§ 363-396), a candidate nominated by electors is not the nominee of a political party, but of the individual electors nominating him, and is entitled to go on the official ballot only as an independent candidate and not as the nominee of a political party.

Where a candidate for public office, with knowledge of the proposed use of improper ballots, fails to take steps to correct the errors in the ballots by instituting an action to enforce or protect his rights, he cannot, after defeat at the polls, be heard to complain of errors whose correction he might have procured prior to election; and the fact that the judge of the superior court for that district, had, by writ of mandate, in a proceeding to which the candidate was not a party, directed the incorporation of the errors in the ballots used on election, affords no excuse for a failure to resort to proceedings in court for their correction.

The right of a candidate to examine ballots before they are sent out, make objections thereto and apply to the courts for the purpose of compelling the use of proper ballots, is a right existing independent of statute.

*Original Application for Quo Warranto.*

*O. V. Linn*, for relator.

*Reynolds & Stewart*, and *Donworth & Howe*, for respondent.

The opinion of the court was delivered by

GORDON, J.—This is an original proceeding instituted

in this court, involving the right to the office of judge of
the superior court for the counties of Lewis, Pacific and
Wahkiakum. The complaint alleges that the relator was
the candidate of the republican party for said office at the
election in November last; that the respondent was not
the nominee of any political party, or named by any com-
mittee authorized by law to fill vacancies in nominations,
but was nominated by an electors' certificate of nomination,
pursuant to § 367, Gen. Stat. (vol. 1, Hill's Code), in which
certificate he was designated as the representative of the
"People's Party" for said office. The complaint further
shows that the people's party had made nominations for
various state and county offices, but had made no nomina-
tion for the office in question. Respondent's certificate
of nomination was filed in the office of the secretary of
state on September 29, 1896, and on October 10th the
secretary certified to the various clerks of the boards of
commissioners in said judicial district that the respondent
was regularly nominated for judge of the district "by an
electors' certificate of nomination as provided by § 367,
vol. 1, Hill's Code, . . . and designated therein
as the nominee of the people's party for such office."

The complaint alleges that the relator relied upon the
certificate of the secretary of state being followed by the
clerks of the boards of commissioners of the several coun-
ties of said district, and that respondent's name would be
printed on the official ballot as an electors', or independent,
candidate for said office. Further, that relator procured a
notice to be sent to said clerks about October 14, 1896,
(prior to the preparation by them of the official ballots),
notifying them not to print the respondent's name as the
candidate of the people's party, and also caused a similar
notice to be served upon the respondent. That on Octo-
ber 27, relator learned for the first time that the clerks

had caused the respondent's name to be printed on the official ballots as the people's party candidate for judge, and on the following day ascertained that the presiding judge of the superior court for said district had rendered a decision in a cause pending before him in which the respondent herein was plaintiff and the auditor of Pacific county was defendant, requiring said auditor to print the official ballots for said county with respondent's name thereon as the nominee of the people's party for judge. The complaint then alleges that, by reason of the decision so made by the presiding judge of the said district, it would have been useless for the relator to have applied to the superior court to compel the auditors of the respective counties in said district to omit respondent's name from the ballot, and that there was not sufficient time remaining to appeal to the supreme court and get a decision thereon before election. That on the official returns from the several counties of the district the relator received 2578 votes and the respondent 2767 votes, and it is alleged that because of the respondent's name appearing on the ballot as the "People's Party" candidate, he received more votes than he would if his name had appeared on said ballot as an independent, or electors', candidate, and that, but for that fact, the plaintiff would have received sufficient votes to have elected him. That the ballots marked with a cross opposite the name, "People's Party Ticket," should not have been counted for respondent, and that, if the ballots cast at said election and so marked and counted for respondent should be deducted from the total vote counted for respondent, the relator would have a majority of the legal votes cast. That the respondent was declared elected, and has entered upon the discharge of the duties of the office; and concludes with the prayer that the respondent be adjudged not entitled to the office, and that he be

ousted therefrom and that the relator be adjudged entitled to the office and inducted into the same.

The cause has been submitted upon a general demurrer entered to the complaint. Upon the oral argument, attention of the court was directed to the fact that the only signers of respondent's certificate of nomination were voters of Lewis county. We think, however, that this was sufficient under § 367, *supra*, which provides that the certificate "shall be signed by electors *residing within the district or political division in and for which the officer or officers are to be elected.*" The fact that the signers were all residents of one of the counties constitutes no objection to the certificate.

The next question to be considered is, Was the character of respondent's nomination such as to entitle his name to go upon the official ballots as the nominee of the people's party? An examination of title 8, ch. 3, vol. 1, Hill's Code, relating to the subject of nominations (the provisions of which are too lengthy to be incorporated in this opinion), as well as the adjudications of other courts under systems similar to our own, has convinced us that the question must be determined in the negative. We are satisfied with the rule laid down by the supreme court of Missouri in *Atkeson v. Lay*, 115 Mo. 538 (22 S. W. 481), from which we quote:

"Candidates nominated by electors are not the nominees of a political party, but of the individual electors nominating them, and only as such are entitled to go upon the ballot."

See, also, *State, ex rel. Woody, v. Rotwitt*, 18 Mont. 502 (46 Pac. 370); *State, ex rel. Matts, v. Reek*, 18 Mont. 557 (46 Pac. 438); *Philips v. Curtis* (Idaho), 38 Pac. 405; *Lowery v. Davis* (Iowa), 70 N. W. 190.

In *State, ex rel. Bloomfield, v. Weir,* 5 Wash. 83 (31
Pac. 419), it is said:

"Section 368 provides that no certificate of nomination
shall contain the name of more than one candidate for
each office to be filled. It is true that this applies par-
ticularly to the certificate to be filed by the officers of
the primaries or conventions of the respective parties, and
not to the certificate of an officer to be founded thereon.
Yet it clearly shows that the legislation contemplated that
each political party should put forward the name of but
one person for each office to be filled. If this were not
clear from this section, and the sections which provide
as to the duties of the officer with whom such certificates
are filed, it is established beyond question by some of the
provisions of § 385, one of which is that the elector may,
in indicating the persons for whom he desires to vote,
make his check against the political designation of an en-
tire group, and such designation will under the provisions
of the law have the same force as though he had placed
his check separately opposite each of the names in said
political group. This clearly contemplates that on the
official ballots there shall only be printed as the candidate
of a single party, one name for each officer to be elected,
and that upon such ballot the candidates of each of the
political parties shall be grouped together."

Under the provisions of § 367 any number of candidates
may be nominated for an office by the requisite number
of electors joining in a certificate therefor. Candidates so
nominated stand upon a footing of equality, and since the
law is that "on the official ballots there shall only be
printed as the candidate of a single party, one name for
each officer to be elected," it is apparent that, if two or
more persons were so nominated for the same office, and
designated in the respective certificates as representatives of
the same political party, neither of them would be entitled
to have his name placed upon the official ballots as the

nominee of such party, but only as an electors', or independent, candidate for the office.

The question remaining to be considered is whether the relator has waived the right to complain of the irregularity in the ballots by permitting them to be used at the election without instituting any action to enforce or protect his rights. The rule is apparently well settled that, where a party fails to take any steps to correct errors in ballots, he cannot, after being defeated at the polls, be heard to complain of error in the ballots, which he had knowledge of and might have corrected prior to the election. *Sawin v. Pease* (Wyo.), 42 Pac. 750; *State v. Stein*, 35 Neb. 848 (53 N. W. 999); *Baker v. Scott* (Idaho), 43 Pac. 76; *Bowers v. Smith*, 111 Mo. 45 (20 S. W. 101, 33 Am. St. Rep. 491); *Allen v. Glynn*, 17 Colo. 338 (29 Pac. 670, 31 Am. St. Rep. 304); *Stackpole v. Hallahan*, 16 Mont. 40 (40 Pac. 80).

It appears that the relator had full knowledge of the form of the proposed ballots as early as October 27th, but he seeks to excuse his failure or neglect to resort to proceedings in court to prevent their use upon the sole ground that, by reason of a decision of the presiding judge of the district in a case to which he was not a party and by which he was in no wise bound, such proceedings upon his part would have been fruitless. We think the excuse is legally insufficient.

Relator seeks to distinguish the cases in Wyoming and Colorado upon the ground that the statutes in those, and some of the other states, afford an opportunity to candidates to examine the ballots before they are sent out, also to make objections thereto, and authorize proceedings in court for the purpose of determining the rights of parties arising thereunder. While it is true that no such provisions are contained in the statutes of this state, we think

that substantially the right exists independent of statutes; that a party situated as was this relator could apply to the courts to compel the county auditor to send out proper ballots for use at the election. In other words, that the relator in this case, after having discovered the form of the ballot which was proposed to be used, might have resorted to the courts and compelled the use of proper ballots. This he failed to do, and having, with full knowledge of the errors in the ballots of which he now complains, gone into the election and sustained defeat at the polls, he cannot now be heard to complain of errors which he might have prevented.

The demurrer will be sustained and judgment entered dismissing the proceedings.

SCOTT, C. J., and ANDERS and REAVIS, JJ., concur.