[No. 20297.  Department One.  October 19, 1926.]

THE STATE OF WASHINGTON, *on the Relation of F. M. Curtiss, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *William A. Huneke, Judge, Defendant.*[1]

[1] ELECTIONS (26, 28)—NOMINATION BY ELECTORS—CONTEST—OBJECTION—TRIAL AND DETERMINATION BY COURTS.  One seeking a primary nomination as a sticker candidate, without taking any steps to correct an alleged error in the ballot in not specifying the number of the judicial department to be filled, is estopped, after the election, to complain of the error (FULLERTON, J., dissenting).

Certiorari to review a judgment of the superior court for Spokane county, Huneke, J., entered October 2, 1926, dismissing an action for a writ of mandate, after a trial to the court on the merits.  Affirmed.

*Merritt & Curtis,* for relator.

*A. O. Colburn, E. J. Farley, Bruce Blake,* and *John E. Orr,* for respondent.

*Frank T. Post, A. E. Russell, Reese Voorhees,* and *H. W. Canfield, amici curiae.*

MITCHELL, J.—Article IV, § 5, of the state constitution provides:

"If a vacancy occurs in the office of judge of the superior court, the governor shall appoint a person to hold the office until the election and qualification of a judge to fill the vacancy, which election shall be at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term."

A general election is to be held in this state on November 2, 1926.

[1]Reported in 249 Pac. 974.

Judge Hugo E. Oswald, one of the judges of the superior court in Spokane county, who was elected at the general election in 1924 for a term of four years, sent his resignation as such judge to the governor on July 27, 1926, to take effect September 1, 1926. About August 4, 1926, the governor accepted in writing the resignation and on the next day appointed A. G. Avery to succeed Judge Oswald. Judge Oswald quit the bench on September 1 since which time Judge Avery has occupied it. After the governor accepted Judge Oswald's resignation, and prior to the publication by the county auditor of the statutory fifteen days' notice of the primary election to be held on September 14, 1926, Charles H. Leavy, D. R. Glasgow and three others, not including F. M. Curtiss, each filed his declaration of candidacy for nomination at the primary election to be held September 14 with respect to the unexpired term of Judge Oswald. The names of these five persons as candidates for such nomination were published by the county auditor in his notice of the primary election.

After Judge Avery assumed the duties of the office, and prior to September 14, 1926, F. M. Curtiss became a candidate by the sticker method for nomination for the office at the primary election, and made the same known through newspapers in the city of Spokane and by his personal efforts in conveying knowledge of such candidacy to his friends, acquaintances and the voters generally.

At or prior to the filing of the five declarations of candidacy above referred to, the county auditor did not designate by number any judicial position to be filled at the primary or general election and neither of such five candidates designated any such number in his filing. It appears, however, that Judge Oswald had presided over what had been designated as department

number 4 of the superior court of that county, and that the five candidates specified that department and that they were candidates for nomination to fill the unexpired term thereof.

At the primary election on September 14, 1926, approximately twenty-one thousand votes were cast for the candidates for nomination for the office. F. M. Curtiss received twenty-six votes while of those who filed declarations of candidacy with the auditor Charles H. Leavy and D. R. Glasgow received the greatest number of votes, viz.: 9,887 and 4,110 respectively. Such was the result and the return of the canvassing board for the primary election.

After the result of the primary election was ascertained and declared, F. M. Curtiss, alleging the facts hereinbefore recited, instituted an action in the superior court of Spokane county for a writ of mandamus requiring the county auditor to have printed on the general election judicial ballots for the November election the relator's name as the sole and only candidate or nominee for the office; or, in the alternative, if the court found that neither the relator nor the purported nominees were legally upon the primary election ballot, that the court direct the county auditor to call a special election to fill the unexpired term. Upon issues joined and trial had, the superior court denied relief and entered judgment dismissing the action. The cause has been brought here for review upon the complaint of F. M. Curtiss and the return of the trial judge to an alternative writ. In this court, the relief sought is that the proceedings in the trial court be corrected and that this court

". . . direct the respondent to cause the name of your relator to be placed upon the judicial ballot as the sole candidate for judge of the superior court of Spokane county to fill the vacancy caused by the

resignation of Honorable Hugo E. Oswald to be voted on at the election to be held in November, 1926,"

and such further relief as may be equitable and proper.

[1] In substance, the argument of the relator is that Judge Oswald's letter of resignation of July 27, 1926, notwithstanding the governor's acceptance on August 4, 1926, was not effective until September 1, 1926, and that the filings by Charles H. Leavy and D.R. Glasgow of their candidacies for nomination prior to that date were without authority of law and altogether invalid; that they were invalid for the further reason that such filings were made without the auditor having designated any number for the judicial position to be filled; and that relator's declaration of candidacy for nomination given after Judge Oswald's resignation became effective, of which candidacy the public was given notice in the most practical way, was the only candidacy having any validity.

Upon request and permission granted, friends of the court have presented a brief and written argument in the case. Altogether a number of important points and questions have been interestingly argued, but in view of the issue presented, the relief demanded and the parties to the action, our conclusion is that the one controlling and decisive question in the case is whether or not the relator has the right to have his name printed on the judicial ballot for the general election as sole candidate or nominee for the unexpired term. That question, we think, must be answered in the negative because of a waiver of any right on the part of the relator to complain of alleged irregularities in the ballot used at the primary election. It is in the nature of an estoppel that need not be pleaded. The case, in our opinion, is governed by the principle announced in *State ex rel. Hewen v. Elliott*, 17 Wash. 18, 48 Pac. 734. That case arose under former statutes governing elec-

tions.   In that case it was charged, and this court held, that the respondent's name appeared on the ballot as a nominee of a political party when as a matter of fact he was not such but only an electors' nominee.   The irregularity was alleged to have been of great advantage to the respondent's cause under the law as it then existed; because, there being no separate judicial ballot, a cross marked at the top of the party ticket was counted for every name on that ticket, where no contrary intention of the voter was expressed.   In that case, estoppel or waiver was not pleaded, but was duly considered by the court, the case having been decided upon the complaint and a general demurrer.

We there said:

"The question remaining to be considered is whether the relator has waived the right to complain of the irregularity in the ballots by permitting them to be used at the election without instituting any action to enforce or protect his rights.   The rule is apparently well settled that, where a party fails to take any steps to correct errors in ballots, he cannot, after being defeated at the polls, be heard to complain of error in the ballots, which he had knowledge of and might have corrected prior to the election.   *Sawin v. Pease* (Wyo.), 42 Pac. 750; *State v. Stein*, 35 Neb. 848 (53 N. W. 999); *Baker v. Scott* (Idaho), 43 Pac. 76; *Bowers v. Smith*, 111 Mo. 45 (20 S. W. 101, 33 Am. St. Rep. 491); *Allen v. Glynn*, 17 Colo. 338 (29 Pac. 670, 31 Am. St. Rep. 304); *Stackpole v. Hallahan*, 16 Mont. 40 (40 Pac. 80)."

The fact that that case grew out of a general election while the present one grows out of a primary election makes no difference.   Both are elections within the rule.   It appears in the present case that the relator had full notice of the proposed ballots for nomination for the unexpired term as published by the county auditor at least fifteen days before the primary election

and took no steps to prevent them from being used. Relator is not entitled to the relief sought.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, and MAIN, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to concur in the foregoing opinion. The exigencies of the case will not permit me to state the reasons for my dissent at length, hence I must content myself by merely giving an outline of them.

(1.) In my opinion, the resignation of Judge Oswald, and the acceptance by the governor of that resignation, notwithstanding both were sooner announced, took effect as of September 1, 1926. There was therefore no vacancy in the office of judge at the time the declarations of candidacy for the office were filed, and no vacancy at the time the auditor certified to the list of candidates. The filings were therefore mere nullities, entitled to no consideration whatsoever, and the county auditor was in error in certifying to them as lawful filings. For this reason, the names of the declarants were wrongfully upon the primary ballots, and to say, as the majority in effect do say, that they may now, because of their wrongful act and the wrongful act of the auditor, obtain a place on the official ballot at the coming general election as regularly nominated candidates for the office, is to allow them to take an undue advantage of their own wrong.

(2.) Since there is now a vacancy in the office of judge, the office is open to be filled by the electors at the coming general election. But the field is open. The electors should be permitted to choose whom they please, unhampered by any printed names on the general election ballot.

(3.) I cannot conceive that the case on which the majority rely is here controlling. In that case the candi-

date was entitled to a place on the official ballot. The sole question was whether he was thereon under a proper designation, and the court could well say that this was a question to be settled before the general election was held, since to give effect to the charge after the election would deprive the electors of their right to choose their officers. But the sole purpose of a primary election is to determine who shall be entitled to a place on the official ballot as the nominee for an office. It is not an election of an officer, and to say that a person wrongfully nominated shall not profit by it, is not to deny the right of the electors to choose their officers; it is but to say that they may choose their officers unhampered by the wrongs and mistakes of the election officers. Certainly, it seems to me, an elector interested in the event of the general election at which officers are to be chosen, may question the lawfulness of a nomination, if he acts in time so as not to delay or hinder the election officers in the performance of their duties. In this instance the relator has so acted. He has proceeded before the general election is held.

(4.)    The relator is not entitled to the specific relief he asks. He is no more entitled to have his name printed on the general election ballot than is any of the other candidates for the office. But he prays for general relief, and this should be granted. The officers preparing the election ballot should be directed to designate thereon that there is an office of judge to be filled, but should not print thereon the name of any candidate.