182 P.2d 960
## McNAMARA v. WAYNE.
### No. 7344.

Supreme Court of Idaho.
July 2, 1947.

Frank Griffin, of Coeur d'Alene, and George Donart, of Weiser, for appellant.

J. Ward Arney, of Coeur d'Alene, and James A. Wayne, of Wallace, for respondent.

HOLDEN, Justice.

This is an action contesting the election of James W. Wayne, Prosecuting Attorney of Kootenai County, Idaho. It was commenced November 25, 1946. November 27, 1946, an amended complaint was filed. It alleged:

"I. That the contestant, J. M. McNamara, during all times mentioned herein was and still is an elector of the State of Idaho and more particularly an elector of Roosevelt precinct, Kootenai County, State of Idaho, and that contestant is an elector competent to contest the alleged election of James W. Wayne, the incumbent and contestee herein, to the office of Prosecuting Attorney of Kootenai County, State of Idaho, at the general election held on the 5th day of November, 1946, in said Kootenai County, State of Idaho.

"II. That on the 12th day of November, 1946, the Board of Canvassers of Kootenai County, State of Idaho canvassed the votes

of the election herein referred to and on the 13th day of November, 1946, the said James W. Wayne was declared elected to the office of Prosecuting Attorney of Kootenai County, State of Idaho, and is now the incumbent of said office and the contestee herein.

"III. That the Constitution and laws of the State of Idaho require that a candidate for the office of Prosecuting Attorney possess the legal qualifications to fill said office at the time he becomes such candidate, and that said candidate be at the time he becomes such candidate, and at the general election, a practicing attorney duly licensed to practice law in the State of Idaho; that the plaintiff is informed and therefore believes and upon such information and belief alleges the fact to be that the said incumbent, James W. Wayne, became a candidate for the office of Prosecuting Attorney of Kootenai County, State of Idaho on or about the 2nd day of July, 1946; that said James W. Wayne was declared elected to the said office of Prosecuting Attorney on the 13th day of November, 1946; that contestant is informed and therefore believes and upon such information and belief alleges the fact to be that the said James W. Wayne is not now, nor at any time mentioned herein has been a practicing attorney at law duly licensed to practice in the District Courts of the State of Idaho; that the said incumbent does not now possess, nor has he at any time mentioned herein possessed, the legal qualifications to be

elected to or to hold, the office of Prosecuting Attorney of Kootenai County, State of Idaho, and in this connection contestant alleges that the incumbent and contestee is not a practicing attorney and has not paid the annual lawyers license fees as provided by law since 1941 and that by reason of the failure of said incumbent to pay said fees, his right to practice law in Idaho terminated long prior to July, 1946; that contestant has been informed and *therefore* believes and upon such information and belief alleges the fact to be that said incumbent did not have a license to practice law in the State of Idaho as provided for in Title 3, Chapter 4, I.C.A. on the 2nd day of July, 1946, or on the 5th day of November, 1946 or upon any other date material to this contest, and that said incumbent does not have such license, and is not now, nor at any time material to this action has he been a practicing attorney and eligible to be elected Prosecuting Attorney of Kootenai County, State of Idaho; that contestant has been informed and *therefore* believes and upon such information and belief alleges the fact to be that the said incumbent is now and at all times material to this contest has been working at an Aluminum Plant at or near Spokane, Washington, and employed in a position the duties of which are in nowise or manner connected or associated with the practice of law.

"IV. That by reason of the matters and things hereinabove alleged the said incum-

bent, James W. Wayne, was not eligible to become a candidate for the office of Prosecuting Attorney for Kootenai County, State of Idaho at the primary election held in said county for the year ·1946; that the said incumbent was not eligible to the office of Prosecuting Attorney at the general election held as aforesaid on the 5th day of November, 1946, in Kootenai County, State of Idaho; that the said incumbent is not now eligible to hold said office."

December 4, 1946, contestee Wayne demurred to the amended complaint, upon the ground contestant did not have legal capacity to sue, and upon the further ground the complaint did not state facts sufficient to constitute a cause of action.

December 12, 1946, the trial court sustained the demurrer to the amended complaint and entered judgment of dismissal from which contestant appealed.

· While it does not so appear from the amended complaint, the fact is, as conceded at the bar by both parties, contestee was what is generally known as a "write-in" candidate; in other words, that voters of Kootenai County, on primary election day 1946, wrote in the name of the contestee as a candidate for nomination to the office of prosecuting attorney of that county. It would not be amiss, we think, to here point out, the statute expressly provides voters may write in the primary ticket the name of any person he desires to vote for, First Extraordinary Session, 1944, chap. 2, § 9, p. 11, as follows:

"Except as herein provided for voting for Presidential Electors, the voter may, instead of placing a cross in the large circle, vote only for such candidates as he desires, by placing a cross on the right of their names in the small ☐ square, *or by writing in the blank ticket the names of the persons he desires to vote for, and placing a cross on the right of their names in the ☐ square,* * * *." (Emphasis added)

Pursuant to the above quoted provisions of the statute, a sufficient number of the electors of Kootenai county wrote the name of the contestee on the primary ticket, to nominate him for the office of Prosecuting Attorney of Kootenai County. And, following his nomination, more than a majority of the electors of that county voted for contestee at the ensuing general election and elected him to that office.

This contest is prosecuted under the provisions of subsection 2, of section 33-1701, I.C.A. That section, among other things, provides:

"The election of any person to any public office, * * * may be contested: * * * 2. When the incumbent [meaning the person whom the canvassers declare elected] was not eligible to the office at the time of the election."

Contestant, as will have been noticed, contests the election of contestee primarily

upon the grounds he was not, at the time of the general election of 1946, nor at the time of the commencement of this action, practicing law; and that contestee was not duly licensed to practice law in the State of Idaho; that contestee did not possess "the legal qualifications to be elected to, or hold, the office of Prosecuting Attorney of Kootenai County, State of Idaho"; and, therefore, that contestee "was not eligible to become a candidate for the office of Prosecuting Attorney for Kootenai County, State of Idaho at the primary election held in said county for the year 1946; that the said incumbent was not eligible to the office of Prosecuting Attorney at the general election held as aforesaid on the 5th day of November, 1946, in Kootenai County, State of Idaho".

These grounds, insistently urged by contestant, in turn and at once, present the question as to whether he is in a position to urge these objections, in that if contestee "was not eligible to become a candidate * * * at the primary election" for prosecuting attorney; and, further, that, if contestee did not possess the legal qualifications to be elected to the office of prosecuting attorney, contestee was subject, prior to the date of the general election, to the attack made by contestant in this action.

 It is true the statute provides no remedy, in other words, the statute makes no provision for contesting a primary election. In such a situation, where there is no plain, speedy or adequate remedy at law, the writ of prohibition is available. Taylor v. Girard, 54 Idaho 787, 791, 792, 36 P.2d 773, 774. "It is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists." Bedford County Sup'rs v. Wingfield, 27 Grat., Va., 329, quoted and approved in Taylor v. Girard, 54 Idaho page 792, 36 P.2d 773, supra.

 There was ample time and opportunity between the primary and the general election to have had any of the alleged disqualifications of contestee heard and passed on in such a proceeding, but contestant neglected to take any action whatever in the premises until after contestee was elected. Hence, contestant cannot now be heard to urge said objections, when and if permitted, it would disfranchise thousands of legal voters. Furthermore, if contestant's allegations be admitted as true, that there was an error in the general election ballot, in that it contained the name of contestee as a candidate for prosecuting attorney, contestant could, of course (still assuming contestant's allegations to be true, that contestee was not entitled to have his name printed on the general election ballot), have had that error corrected prior to the general election; but, having failed to take any steps to correct the alleged error prior to election, he will not be heard to complain after election. Sawin v. Pease, 6 Wyo. 91, 42 P. 750; State ex rel. Christy v. Stein, 35 Neb. 848, 53 N.W. 999; Baker v. Scott, 4 Idaho 596, 43 P. 76; Bowers v. Smith, 111 Mo.

45, 20 S.W. 101, 16 L.R.A. 754, 33 Am.St. Rep. 491; Allen v. Glynn, 17 Colo. 338, 29 P. 670, 15 L.R.A. 743, 31 Am.St.Rep. 304; Stackpole v. Hallahan, 16 Mont. 40, 40 P. 80, 28 L.R.A. 502; see also Taylor v. Girard, supra.

It follows the judgment must be affirmed, and it is so ordered, with costs to respondent.

BUDGE, C. J., and MILLER, J., concur.

SUTTON, District Judge, dissents.

GIVENS, Justice (specially concurring).

I do not concur in the holding the action was not timely, but do concur in the holding the demurrer was properly sustained, because it affirmatively appears respondent had been admitted to the bar at the time of his nomination and election.

To perform the duties of prosecuting attorney for the term to which respondent was elected, required the payment of the license fees for the years 1947–1948 and not 1946.