## THE STATE v. WICKWIRE.

[No. 2,079.    Filed November 24, 1896.]

INTOXICATING LIQUORS.—*Violation of Law.—Sufficiency of Affidavit.*—An affidavit charging a violation of section 4 of the Act of March 11, 1895, which requires that any room where intoxicating liquors are sold shall be situated upon the ground floor or basement of the building and fronting on the street or highway, alleging that defendant was the proprietor of the room where the liquors were sold and that such room did not front on the street or highway, is ,sufficient without directly averring that defendant or his agents sold liquors in such room.

From the Elkhart Circuit Court. *Reversed.*

*W. A. Ketcham,* Attorney-General, *M. R. McClaskey* and *V. W. VanFleet,* for State.

*O. F. Chamberlain* and *P. L. Turner,* for appellee.

LOTZ, C. J.—The State commenced this prosecution against the appellee for the violation of section 4 of the Act of March 11, 1895. Acts 1895, p. 248.

So much of this section as is applicable to this case is as follows: "Any room where intoxicating liquors are sold by virtue of a license issued under the laws of the State of Indiana, for the sale of spirituous, vinous, malt or other intoxicating liquors in less quantities than a quart at a time, with permission to drink the same upon the premises, shall be situated upon the ground floor or basement of the building where the

same are sold, and in a room fronting the street or highway upon which such building is situated; and said room shall be so arranged, either with window or glass door, as that the whole of said room may be in view from the street or highway; and no blinds, screens or obstructions to the view shall be arrranged, erected or placed so as to prevent the entire view of said room from the street or highway upon which the same is situated during such days and hours when the sales of such liquors are prohibited by law."

The affidavit upon which this prosecution is based charges that the defendant "was then and there the proprietor of a room where intoxicating liquors were sold, by virtue of a license issued under the law of the State of Indiana to him for the sale of spirituous, vinous and malt liquors in less quantities than a quart at a time, with permission to drink the same upon the premises; and that said Frank Wickwire did then and there unlawfully maintain and keep said room in a place not fronting the street or highway upon which the building, where the said liquors were sold, was situated."

The trial court sustained appellee's motion to quash, and this ruling presents the error assigned.

The manifest purpose of the statute is to prevent the sale of intoxicating liquors during such times and hours as are prohibited by law; and as a means to this end the room or place where sold is required to be exposed to view from the street or highway.

The appellee insists that the charge is insufficient because it is not directly averred that either he or his agents sold any intoxicating liquors in the room or place. The gist of the offense consists in keeping or maintaining the room for the sale of such liquors when not fronting upon a street or highway, and this is directly averred.

It is also averred that the appellee was the proprietor of the room where the liquors were sold.

Some other minor objections are made to the affidavit, but we think it sufficient.

Judgment reversed, with instructions to overrule the motion to quash.