(100 N. W. 1084.)

---

THE STATE OF NORTH DAKOTA, EX REL. CHARLES J. FISK, TRACY R. BANGS AND GUY C. H. CORLISS, V. E. F. PORTER, SECRETARY OF STATE.

Opinion filed October 24, 1904.

**Elections — Official Ballot — Regulations.**

> 1. Section 491, Rev. Codes 1899, which prohibits the printing of the name of a candidate for office in more than one column of the official ballot, is, as to a candidate who is the nominee of a single political party and the nominee of electors by petition, a reasonable regulation of the manner of exercising the right of suffrage, and is valid and constitutional.

Application by the state, on the relation of Charles J. Fisk, for writ of mandamus to E. F. Porter, Secretary of State.

Writ denied.

*Charles F. Templeton, Guy C. H. Corliss* and *Tracy R. Bangs,* for plaintiff.

The statute forbidding the printing of the name of a candidate for office in more than one column, and, in case of the nomination of the same person by more than one party, forcing him to choose on which ticket his name shall be printed, and directing that, on failure to make such choice, it shall be printed on the ticket first filed, is an unconstitutional interference with the rights of political parties. Murphy v. Curry, 59 L. R. A. 97.

*C. N. Frich,* Attorney General, *John Philbrick,* Assistant Attorney General, *Newman, Spalding & Stambaugh,* and *R. H. Bosard,* for defendant.

One claiming a statute to be unconstitutional must point to the specific provision of the constitution, either expressed or clearly implied from what is expressed, which the act violates. The court will never declare a statute invalid unless its invalidity is placed beyond a reasonable doubt. Bon Homme County v. Berndt, 15 S. D. 494, 90 N. W. 147.

The exercise of the right of suffrage is provided for by the constitution, and the persons to whom such right is limited have a

right to exercise it, which cannot be defeated by the legislature. Cons. N. D., article 5. That instrument nowhere provides for the rights of candidates for office or political parties. Such provision is left to the discretion of the legislature. "All elections by the people shall be by secret ballot, subject to such regulations as shall be provided by law." Const. N. D., section 129. There is no limitation to the exercise of this power so long as it does not prevent the elector voting for the candidate of his choice..

In the case at bar, the elector's name is placed on the ballot and may be marked by any voter. He may also place on the ballot the name of any person that he wishes to vote for. Rev. Codes 1899, section 516.

The question involved is one of legislative power alone, and the reasonableness, expediency and convenience of the requirements is solely a matter of legislative discretion, not reviewable by the courts. State v. Anderson, 76 N. W. 482, 42 L. R. A. 239; State v. Bode, 45 N. E. 195, 34 L. R. A. 498, 69 Am. St. Rep. 696; Todd v. Board of Election Com'rs, 62 N. W. 564, 64 N. W. 496, 29 L. R. A. 330.

The provision is constitutional and the writ should be denied.

YOUNG, C. J. Upon the application of the Honorable C. J. Fisk an alternative writ of mandamus issued out of this court directed to the secretary of state, and commanding him to certify relator's name to the county auditors of Grand Forks and Nelson counties as a candidate by petition for the office of judge of the district court of the First judicial district, or show cause why he has not done so. It appears from the relator's affidavit upon which the alternative writ was issued, and from the return of the secretary of state, and there is no controversy as to these facts, that the relator was regularly nominated as the Democratic candidate for said office, and on September. 23, 1904, a certificate of such nomination, in due form, was filed in the office of the secretary of state; that thereafter, and on the 5th day of October, 1904, a certificate of nomination of said C. J. Fisk by petition of electors for the same office was filed in the secretary's office; that upon receipt of the latter certificate of nomination the secretary of state requested the relator to designate the column on the official ballot in which he wished his name printed, and on the same day the said C. J. Fisk, in answer to said request, demanded that his name be placed twice on the official ballot, once in the column headed "Democratic," and once in a column to

be headed "A Non-Partisan Judiciary," that because of the relator's refusal to designate a column the secretary of state certified his name as the nominee of the Democratic party, and directed his name to be placed in the column headed "Democratic" upon the official ballot and in no other, and for the reason that the Democratic nominating certificate was first filed in his office.

Under the statutes of this state the name of a candidate for office secures a place and is printed upon the official ballot when such candidate is nominated by an "assembly or convention of delegates held for the purpose of making nominations," in accordance with the provisions of section 498, Rev. Codes 1899, or when he is nominated by a petition of electors pursuant to the provisions contained in section 501, Rev. Codes 1899. Our statute (section 491), in addition to prescribing the form and contents of the official ballot, provides for separate party columns, "under the appropriate party designation for each," in which the names of the party nominees are to be placed; also provides for one or more columns for the names of persons nominated by petition of electors under the designation "Individual Nominations." It also provides that "when the same candidate has been nominated for the same office by more than one assembly, convention or body of electors qualified to make nominations for public officers, such candidate shall file with the proper officer * * * a statement in writing, signed by himself, designating one of the columns upon such ballot allotted to one of the parties, assemblies, conventions or bodies of electors by whom said candidate has been nominated, as to the column upon such ballot in which such candidate desires his name to appear upon such ballot, and such candidate's name shall be printed upon such ballot in such column, and in no other. But if such candidate shall refuse or neglect to give notice to the proper officer as above provided, specifying in which column he wishes his name printed on the ballot, then in such case the said officer shall cause his name to be printed in the column of the party or political organization from which he received first notice of such person's nomination."

It thus appears that the refusal of the secretary of state to certify the nomination last filed, i. e., the nomination by petition of electors, was made in obedience to the legislative command contained in section 491, supra, prohibiting the printing of a candidate's name upon the official ballot in more than one column, and it is argued that nominations by petition of electors, such as that here

in question, is within the prohibition of this section. Counsel for relator contend that the portion of the statute which prohibits the printing of a candidate's name in more than one column is unconstitutional and void, and that it is not within the power of the legislature to deny to him the right which he asserts, i. e., to have his name printed in his party column as a party candidate by virtue of his party nomination, and also in a separate column by virtue of his nomination by petition of electors. This particular provision is not peculiar to this state, and the question of its constitutionality is not a new one to the courts. It is contained in the Australian ballot laws of Wisconsin, Ohio and Michigan, and in each of these states it has been held constitutional. State v. Anderson, 100 Wis. 523, 76 N. W. 482, 42 L. R. A. 239; State v. Bode, 55 Ohio St. 224, 45 N. E. 195, 34 L. R. A. 498, 60 Am. St. Rep. 696; Todd v. Board, 104 Mich. 474, 62 N. W. 564, 64 N. W. 496, 29 L. R. A. 330. California has a provision somewhat similar. In that state it was held unconstitutional by a divided court. Murphy v. Curry, 137 Cal. 479, 70 Pac. 461, 59 L. R. A. 97.

These cases which are cited by counsel in support of their respective contentions will be found upon inspection to have involved questions which are not in this case. In each of the cases referred to the same candidate was the nominee of two or more political parties or organizations, and the question in each case was whether the legislature could restrict the printing of the candidate's name to one party column. The solution of that question involved a consideration of the rights of a nominee of two or more parties, the rights of political parties, and of electors as members of political parties. It will be seen that the weight of judicial opinion sustains the right of the legislature to restrict the printing of a candidate's name in such cases to one column. But we are not called upon to express an opinion on that question in this case. We have no such condition, and it will be time enough to answer that question when it is presented. The relator is the nominee of the Democratic party, and of no other party, and the secretary of state has certified his name to the county auditor as the Democratic nominee.

The only question which can arise in this case relates to the right of the relator or of the electors who signed the petition for his individual nomination to have his name printed in a separate column under the designation "Individual Nominations" as well as in his party column. The legislature has declared that it shall be printed

in but one column. Does this deprive the relator or the electors of any constitutional right? We think not. Counsel have failed to point out any provision of the constitution which is violated, and we know of none. If the relator was the nominee of two or more political parties, and was seeking a place on each party ticket, different questions would arise, such as were considered in the cases above referred to. But here the relator is the candidate of but one party or organization, and, under the statute and the facts as they exist, his name will appear in his party column. Hence no party interests or party question is involved. The electors who have nominated him by petition represent no party or organization. They merely represent themselves as electors. Atkeson v. Lay, 115 Mo. 538, 22 S. W. 481. They desire to have his name printed upon the ballot, so that they can vote for him without the annoyance of having to write or print his name upon the ballot. The state has afforded to electors this privilege, where a certain percentage or number of them join in a nominating petition, but at the same time has declared that it will print them in but one column, giving to the candidate the choice of columns in which his name shall appear. All authorities recognize the right of the legislature to regulate the manner of exercising the right of suffrage. The only restriction is that under the guise of regulating it shall not destroy the right. There is no ground whatever for contending that the electors' rights are either destroyed or impaired by the refusal to print the candidate's name in more than one column in a case like this, where the candidate has one party nomination and an individual nomination. It is altogether reasonable, under such circumstances, that the state should not be compelled to print a candidate's name in more than one column. The electors who join in making an individual nomination desire to vote for the man without regard to his party affiliations. If his name was printed under the head of individual nominations as well as in the party column, in order to vote for him they would have to designate their choice by a mark, and they are required to do nothing more where, as in this case, their candidate's name is printed in a party column. For those who desire to vote the straight Democratic ticket a single mark at the head of the ticket is sufficient. For those affiliated with other parties, or those who wish to vote a mixed ticket, a mark in the square opposite his name is sufficient, and this would be necessary even if his name appeared in a column under the head "Individual Nominations." Considered

then entirely from the standpoint of convenience, no burden is added in this case by restricting the candidate's name to his party column.

The writ prayed for will be denied.

ENGERUD, J., concurs.   MORGAN, J., not participating.